61 83|
h131 580|

## BALL v. TOWN OF WOODBINE ET AL.

1. **Cities and Towns:** INJURY BY FIRE-ROCKET: LIABILITY OF CORPORATION. Where fire-works are discharged within the limits of an incorporated town, in violation of the ordinances of the town, whereby one is injured, the town is not liable for such injury, notwithstanding the town council and officers of the town and a majority of the citizens actively participate in the discharge of the fire-works, and the town, by its officers, make no attempt to stop the unlawful proceeding.

*Appeal from Harrison District Court.*

TUESDAY, JUNE 5.

IT is averred in the petition that on the fourth day of July, 1880, the plaintiff was in the incorporated town of Woodbine, and while there, and without any negligence on her part, she was struck in the face and greatly injured by a fire-rocket, or some instrument appertaining to fire-works. That said rocket was fired or caused to be fired by O. C. Cole, O. F. Brainard and others, who jointly caused the fire-works aforesaid to be placed upon the streets, squares and highways, within the said town of Woodbine, in direct violation of an ordinance of the town.

That said fire-works were a dangerous public nuisance at the time they were placed in the said streets and squares, and were permitted by the said town of Woodbine, and the other defendants, to be used and fired off to the great danger of those persons who had occasion to be upon the streets and highways. That the town had knowledge of such danger in time to have removed the fire-works before the plaintiff was injured, but failed and neglected to do so. That the town council and a majority of the citizens and officers of the town, and the town itself, aided and assisted in creating the said nuisance, and maintained the same in open violation of law. It is averred that the plaintiff was not in any way negligent, and in no manner contributed to the injury she received.

To this petition there was a demurrer filed by the town of Woodbine, which was sustained.   The plaintiff appeals.

*Smith & Clyde* and *S. H. Cochrane,* for appellant.

*G. S. Stanton, W. S. Shoemaker* and *J. W. Barnhart,* for appellees.

ROTHROCK, J.   There were two grounds of demurrer.   The first was that the petition did not show facts showing a joint liability against the town of Woodbine and the other defendants.   The second ground was, in substance, that the alleged acts of the officers of the town or the town itself, in aiding and assisting in the exploding of fire-works, were beyond the jurisdiction of the officers of the town, in the exercise of their duties as town officers, and beyond the jurisdiction of the town itself, and that the facts alleged show merely a violation of one of the town ordinances.

The court sustained the demurrer upon both grounds.   We think it is very clear that the petition does not state facts sufficient to create a liability against the town as a corporation.   Whether or not if an incorporated town should by order, resolution, or ordinance direct a display of fire-works within the corporation, and attempt to create a liability against the town for the attendant expense, the incorporation would be liable in damages for an injury occasioned by the display, we need not determine, because no such case is made in the petition.   It is true, it is averred that the town itself "aided and assisted in exploding the fire-works," but it is not shown that this was by virtue of any corporate act of the town.   The most that can be claimed from the averments of the petition, and what the pleader evidently intended to charge, was, that the town, by its failure to prevent the dangerous display, was a party thereto.   We think the facts show no more than a violation of an ordinance of the town, in which violation the officers of the town were active participants.   It is well settled that cities and towns are liable for damages

occasioned by obstructions negligently allowed to remain in the public streets of the corporation, and the like, and the authorities cited by counsel for appellant are actions for injuries of this character. These cases are founded upon the principle that the city, in the exercise of its municipal authority over public places, is guilty of negligence in the discharge of a duty within the scope of its powers.

It is urged that the fire-works which caused the injury in this case were a dangerous public nuisance, which the officers of the city actively participated in maintaining. It can make no difference who were the individuals who violated the city ordinance. A city is no more liable for the consequences of a violation of an ordinance by its mayor or council as individuals, than it would be if the illegal act were done by a private citizen.

In *Morrison v. Lawrence*, 98 Mass., 219, it was held that the city was not liable to a person who was wounded by a rocket which was purchased by a committee of the city council, and negligently fired under their direction in celebrating the fourth of July. This ruling was made, notwithstanding the fact that it appeared that the city paid for the fire-works purchased by the committee, but it did not appear that anyone had been empowered to purchase fire-works on behalf of the city. We think the case cited involves the same question as that presented in the case at bar. Suppose that a number of persons should engage in shooting at a mark or coasting upon a street within an incorporated town, in violation of the ordinances of the town, and the officers of the town should know of the illegal acts, and permit them to proceed to the injury of some one; it appears very plain to us that the city should not be held liable. As in some degree supporting the views herein expressed, see *Ogg v. Lansing*, 35 Iowa, 495, and *Calwell v. City of Boone*, 51 Iowa, 687. Having determined that the petition presents no cause of action against the town of Woodbine, it is unnecessary to determine the other ground of the demurrer.

                                                    AFFIRMED.