# CHARLESTON.

Brown's Adm'r *v.* Town of Guyandotte.

*(Holt, Judge, absent.)

Submitted June 20, 1890.—Decided December 3, 1890.

1. Damages—Towns—Officers—Agents.

As to the powers and functions of a town of a public governmental character, it is not liable for damages caused by the wrongful acts or negligence of its officers or agents therein.

2. Damages—Towns—Officers—Agents.

A town is not liable for damages for the death of a person caused by the burning of its jail while such person was confined therein by town authority for a violation of its ordinances, though such fire was attributable to the wrongful act or negligence of the officers or agents of the town.

*Gibson & Michie* for appellant, cited Code c. 41, s. 43; 13 La. Ann. 275; 89 Mo. 208.

*Simms & Enslow* for appellee, cited:

17 Gratt. 375; 8 W. Va. 353; 5 La. Ann. 100; 9 La. Ann. 461; 31 Ala. 469; 18 Gratt. 344; 28 Gratt. 344; Dill. Mun. Corp. 971–981; 1 Allen. 172; Code c. 103.

Brannon, Judge:

Phillip Brown, administrator of Frank Brown, deceased, brought an action on the case against the town of Guyandotte in the Circuit Court of Cabell county to recover damages for injury to Frank Brown while confined in the lock-up of that town, caused by the burning of the jail, from which injury Brown died. The defendant's demurrer to the declaration was sustained, and judgment

---

*Case submitted before Judge Holt's appointment.

rendered for the defendant; and this is a writ of error to that judgment obtained by said plaintiff.

The declaration alleged, in substance, that the town had a jail or lock-up, wherein it was accustomed to confine persons arrested and convicted of offences against the town; that Frank Brown was arrested by the marshal of the town, and placed in said jail, and confined therein by authority of the town, and that it thus became its duty to use all due and reasonable care and diligence to safely keep said Brown while so in custody; yet the defendant, not regarding its duty, did not use reasonable and proper means, care, and diligence to safely keep said Brown, but wholly, wrongfully, negligently, and injuriously failed to do so, and wrongfully, wilfully, and negligently suffered, permitted, and caused said jail to be destroyed by fire, whereby Brown was unable to get out by reason of his weak condition from the effect of a blow on the head, and was so badly burnt that he died.

The cases upon the subject of the liability of cities and towns in tort for the wrongful acts and negligence of their officers are numerous, the field of their discussion wide, and they draw nice distinctions. These municipa lcorporations, unlike private ones, are organized, not for gain, but for the public weal, as important instrumentalities in government, and they are supported by the taxation of their people, and should not be made liable for the acts of their officers, done in performance of purely governmental powers for the benefit of the public, and not their private benefit; for otherwise it would be impossible to say where their liabilities would end, or how onerous would be the burden laid upon those who sustain their existence. It seems to be well settled that they are not liable by implication for such acts done in their public capacity, as governing agencies, in the discharge of duties for the public or general (not corporate) benefit. Dill. Mun. Corp. § 966.

Shearman and Redfield, in their work on the Law of Negligence, § 253; very well state the rule as follows: "The governmental powers of the state are further exercised by a great number of municipal and *quasi* municipal organizations, such as cities, towns, counties, and boards, to which,

for purposes of government, and for the benefit and service of the public, the state delegates portions of its sovereignty, to be exercised within particular portions of territory for certain well-defined public purposes. To the extent that such local or special organizations possess and exercise governmental powers they are, as it were, departments of state. As such, in the absence of any statute, to the contrary, they have the privilege and immunity of the state. They partake of the state's prerogative of sovereignty, in that they are exempt from private prosecution for the consequences of their exercising or neglecting to exercise the governmental powers they possess. To the extent that they exercise such powers, their duties are regarded as due to the public, not to individuals. Their officers are not agents of the corporation, but of 'the greater public,' the state. No relation of agency existing between the corporation and its officers with respect to the discharge of these public governmental duties, the corporation is not responsible for the acts or omissions of its officers therein. This is nothing more than an application and proper extension of the rule that the state is not liable for the misfeasance of its officers."

This principle is fully recognized in the case of *Mendel* v. *Wheeling*, 28 W. Va. 245, in the able opinion in which, delivered by President JOHNSON, very many cases bearing on various phases of this subject are cited and commented upon.

I think the duty and function of keeping a jail and confining therein offenders against the municipal ordinances of a town are plainly purely governmental in character, and fall within the rule just stated. The declaration does not tell us to the negligence or act of what officer of the town the burning is chargeable. It says the town "suffered and permitted and caused the said jail or lock-up to be destroyed by fire." The question arising on demurrer, it might occur to the mind that the act of expressly causing the burning may have been, not that of a subordinate officer or the keeper of the jail, but by the chief officer, or even by order of its council; but such a criminal act would be *ultra vires*, not within the corporate powers conferred by

law on the town, and for it the town would not be liable.
2 Dill. Mun. Corp. (4th Ed.) § 968.    So that I think that,
even on demurrer, the non-liability of the town appears.

In *Richmond* v. *Long,* 17 Gratt 375, the city of Richmond
was held not liable for loss of a slave admitted as a small-
pox patient into the city hospital because of the negligence
of its agents there allowing him to escape and freeze.    The
case was decided on principles above stated, and contains
a valuable discussion of the subject.    Its principle was ap-
proved by the Missouri court in *Murtaugh* v. *St. Louis,* 44
Mo. 479, holding that city not liable to a non-paying pa-
tient at its hospital for injuries resulting from negligence
and misfeasance of the officers and servants of the institu-
tion.

In *Dargan* v. *Mayor,* 31 Ala. 469, and *Stewart* v. *City of
New Orleans,* 9 La. Ann. 461, cities were held exempt from
damages for slaves killed by police officers.    In *Harman* v.
*Lynchburg,* 33 Gratt. 37, that city was held not liable for
property destroyed by police without orders from govern-
ing power of the city.    In *Prather* v. *City,* 13 B. Mon. 559,
city officers were held *quasi* civil officers of government,
and, though they might be liable for malfeasance or non-
feasance, the city is liable for neither.    In *Mendel* v.
*Wheeling, supra,* this Court refused to hold the city of
Wheeling liable for loss of a factory by fire by reason of an
insufficient supply of water from its water-works caused by
negligence of its agent, though it owned such works and
received pay for water supplied by them.

Being of opinion that the town of Guyandotte is not
liable on the case made by the declaration, we affirm the
judgment.

AFFIRMED.