[Civil No. 409.    Filed March 8, 1894.]

[36 Pac. 916.]

GEORGE FIFIELD, Plaintiff and Appellant, v. THE COM-
MON COUNCIL OF THE CITY OF PHŒNIX, De-
féndant and Appellee.

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—ACTION FOR DAMAGES
ARISING FROM TORTS OF OFFICERS OR CONDITIONS OF STREETS, SIDE-
WALKS, ETC.—INHIBITED BY CHARTER OF PHŒNIX, ART. 18, SEC. 7.
—The charter, *supra,* inhibits an action against the city of
Phœnix for damages for personal injuries arising from the grant-
ing of permission by the mayor and marshal to discharge fire-
works within the city limits.

2. SAME—SAME—ORDINANCE—SUSPENSION—ACTION AGAINST CITY FOR
DAMAGES FOR INJURIES RESULTING FROM DISCHARGE OF FIREWORKS
DURING SUSPENSION OF ORDINANCE AGAINST.—The suspension of an
ordinance against the discharge of fireworks within certain limits
in a city does not render the city liable in an action for damages
for personal injuries resulting from the discharge of fireworks
within such limits during the time of its suspension.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
A. C. Baker, Judge.    Affirmed.

The facts are stated in the opinion.

Kibbey & Israel, for Appellant.

This case is distinguishable from that large class of cases
wherein municipal corporations are held liable for mere negli-
gence.    In this case the city authorized the discharge of the
fireworks, and therefore became a participant in an unlawful
proceeding, and became, as it were, a partner in maintaining
a nuisance.

When a municipal corporation charged with the care and
maintenance of its streets goes so far as not only to negli-
gently omit to make them reasonably safe, but to expressly
authorize the creation of a nuisance in them, from which in-
jury proximately results, it, we submit, should be held liable.
*Cohen* v. *City of New York,* 113 N. Y. 532, 10 Am. St. Rep.
506, 21 N. E. 700.

The case of *Speir* v. *City of Brooklyn,* 139 N. Y. 6, 36 Am. St. Rep. 664, 34 N. E. 727, is on all fours with the case at bar, and the court there held in an exhaustive opinion that the city should be held liable.

L. H. Chalmers, for Appellee.

In cases like this the charter of the city of Phœnix expressly provides that there shall be no liability. Sec. 7, art. 18, Charter of the City of Phœnix, passed by the thirteenth legislative assembly of the territory of Arizona, March 11, 1885.

But even if no such exemption existed, the weight of authority is overwhelming that no liability exists under the circumstances of this case. Cooley on Municipal Corporations, sec. 949; Cooley on Torts, p. 620; *Wheeler* v. *City of Plymouth,* 116 Ind. 158, 18 N. E. 532; *Lincoln* v. *City of Boston,* 148 Mass. 578, 12 Am. St. Rep. 601, 20 N. E. 329; *Tindley* v. *City of Salem,* 137 Mass. 171, 50 Am. Rep. 289; *Hill* v. *Board of Aldermen,* 72 N. C. 55, 21 Am. Rep. 451; *Rivers* v. *City Council of Augusta,* 65 Ga. 376, 38 Am. Rep. 787; *Hill* v. *Boston,* 122 Mass. 344, 23 Am. Rep. 332.

A municipal corporation is an instrumentality of government, and is not liable for the failure to exercise legislative or judicial powers, nor for an improper or negligent exercise of such powers. *Wheeler* v. *Cincinnati,* 19 Ohio St. 19, 2 Am. Rep. 368; *Dooley* v. *Town of Sullivan,* 112 Ind. 451, 2 Am. St. Rep. 209, 13 N. E. 566; *City of Terre Haute* v. *Hudnut,* 112 Ind. 542, 13 N. E. 686; *Faulkner* v. *City,* 85 Ind. 130; *City* v. *Timberlake,* 88 Ind. 330; *McDade* v. *Chester City,* 117 Pa. St. 414, 2 Am. St. Rep. 601, 12 Atl. 421; *McArthur* v. *Saginaw,* 58 Mich. 357, 55 Am. Rep. 687, 25 N. W. 313; *Agneu* v. *Corunna,* 55 Mich. 428, 54 Am. Rep. 383, 21 N. W. 873; *Hines* v. *Charlotte,* 72 Mich. 278, 40 N. W. 333; *Kiley* v. *Kansas City,* 87 Mo. 103, 56 Am. Rep. 443; *Hubble* v. *City of Viroqua,* 67 Wis. 343, 30 N. W. 847.

Giving the case of *Speir* v. *Brooklyn* all the appellant claims for it, it stands alone in American and English jurisprudence.

HAWKINS, J.—This was an action by appellant to recover damages for personal injuries sustained by him. He based his claim for relief upon the facts that the appellee is

a municipal corporation created by an act of the legislative assembly of the territory, approved February 25, 1881,. and an act of March 11, 1885, amendatory thereof; that the corporation, in 1889, ordained, among other things, that it should be unlawful for any person within certain city limits, to make any bonfire, discharge any firecrackers, skyrockets, or any fireworks whatever, etc., without first having obtained permission therefor from the city marshal (this ordinance was in effect at the time of appellant's injuries); that on the fifteenth day of February, 1893, the city, by and through its members, its mayor, and its marshal, unlawfully and negligently granted to certain Chinese permission to set off, discharge, and explode fireworks upon certain streets of said city, within the fire limits; that appellant, a hackdriver, on that day, while in the proper pursuit of his business, was. driving along the streets of said city; that while so driving along a street within said fire limits, the Chinese, acting under the permit so granted them, fired off and exploded a large quantity of fireworks, firecrackers, and bombs, whereupon appellant's horses (they being gentle and well broken) became frightened and unmanageable, and threw appellant to the ground, all without fault upon his part, and he was thereby very seriously injured, sustaining a very serious fracture of the leg, and otherwise bruised. The court below sustained a general demurrer to the complaint on this state of facts,. and appellant asks that the ruling be reversed.

Section 7 of article 18 of the charter of the city of Phœnix provides as follows: "Sec. 7. That said corporation shall not be liable to any one, or for any loss or injury to person or property growing out of or caused by the malfeasance, misfeasance, or neglect of duty of any officer or other authorities of said city or for any injury or damages happening to such. person or property on account of the condition of any zanja; sewer, cesspool, street, sidewalk, or public ground therein, but this does not exonerate any officer of said city or any other person from such liability when such casualty or accident is caused by willful neglect of duty enforced upon such officer or person by law or by gross negligence or willful misconduct of any such officer or person in any other respect." It seems to us that any fair construction of this section inhibits such form of action against the city. Appellant in his

reply brief disclaims any negligence on the part of the city marshal in granting the permit, but says it became the negligent act of the city itself, and such city was an agency in the committing of the injury. We are unable to agree to this line of argument. It could not do more than to undertake the evasion of the plain letter of the city charter. Under this charter, if the city officer performs an act which is authorized by an ordinance, it would not, on his part, be negligence. Then how could it become negligence on the part of the city itself?

Plymouth, Indiana, had an ordinance prohibiting the firing of gunpowder or any other substance, except on occasions of public rejoicing, when the mayor granted permission to fire guns, cannons, and other things in which gunpowder was used. On the 4th of July, 1885, the mayor granted permission to fire gunpowder in an anvil on a lot in said city; and when it was fired it blew gravel and stones against one of Wheeler's plate-glass windows and broke them. The supreme court of Indiana, in *Wheeler* v. *City of Plymouth,* 116 Ind. 158, 18 N. E. 532, in passing upon the question of the liability of the city says: "A city which has an ordinance prohibiting the firing of gunpowder, but allowing the mayor to license such firing on certain occasions, is not liable for the damages occasioned by the negligence of the licensees, there being nothing to show that the authorized act was necessarily dangerous." It is also decided in the same case that "there is no actionable breach of corporate duty in failing to enact a proper ordinance, or in failing to enforce one that has been enacted; and consequently this action cannot be maintained upon the theory that there was a proper ordinance, nor upon the theory that the ordinance was not enforced." Under this theory it seems clear that the action at bar could not be maintained if the ordinance was not enforced. Then, upon what system of reasoning could it be maintained because it was suspended for a day? For failing in governmental action, municipal corporations are responsible only to their corporators or the power creating them. Cooley on Torts, 620. It shows no ground of action when one complains that he has suffered damages because the operation of an ordinance which prevents the explosion of fireworks within the city has been temporarily suspended. Cooley on Torts, 626.

*Lincoln* v. *City of Boston,* 148 Mass. 578, 12 Am. St. Rep. 601, 20 N. E. 329, was also a case where the mayor permitted the firing of cannon upon the commons under an ordinance forbidding it unless such permission was given, and the plaintiff's horse took fright and ran away on a neighboring street. This license to fire cannon was held to be an act of municipal government, and the person doing the firing was not the city's agent so as to make the city liable.

The firing of the Chinese bombs, in the case at bar, was not the act of the city, nor did the city have any agency in said act. A licensee does not thereby become the agent of a municipal corporation. *Lincoln* v. *City of Boston, supra; Fowle* v. *Alexandria,* 3 Pet. 398. Chief Justice Marshall, in *Fowle* v. *Alexandria,* says: "That corporations are bound by their contracts is admitted. That money corporations, or those carrying on business for themselves, are liable for torts, is well settled. But that a legislative corporation, established as a part of the government of the country, is liable for losses sustained by a nonfeasance—by an omission of the corporate body to observe a law of its own, in which no penalty is provided—is a principle for which we can find no precedent."

*Rivers* v. *Common Council,* 65 Ga. 376, 38 Am. Rep. 787, is a well-considered case, and is very similar to the case at bar. The plaintiff, a minor child, while walking upon one of the defendant's streets, was seriously gored by a cow which was running at large in the streets of said city. She sued the corporation for damages alleged to be sustained by reason of this misfortune. It will be noticed, by reference to the facts in this case, that the allegations of the declaration are quite similar to the complaint in the case before us. In 1878 the city had an ordinance against cattle running at large. This ordinance was suspended at the time of the injury to the child. Mr. Justice Crawford says: "The adoption of an ordinance in reference to allowing cattle to run at large in the city is one which is wholly legislative and therefore discretionary. It is not liable in damages for neglecting, omitting, or refusing to notice the subject, or having noticed it, and adopted an ordinance concerning it, then to repeal or suspend it." The same reasoning would undoubtedly apply to an ordinance against the firing of bombs, etc. In the Georgia case it was argued that, so long as a city fails to legislate, it

is not liable, but when it does, then its liability for damages accrues. The court was unable to appreciate this difference, but cited the case of *Hill* v. *Board,* 72 N. C. 55, 21 Am. Rep. 451, as a case directly in point. An ordinance prohibiting the use of fireworks was passed, remained in force some years, was then suspended from the twenty-fifth day of December to January 1st, inclusive. During this time, by the firing off of squibs, firecrackers, and Roman candles, plaintiff's house was burned, for which he sued the city. *Held,* that it was within the discretion of the authorities to determine, from time to time, what ordinances were proper, and that the corporation was not liable. Also, see, *Tindley* v. *City of Salem,* 137 Mass. 171, 50 Am. Rep. 289; *Hill* v. *Board,* 72 N. C. 55, 21 Am. Rep. 451. If the ordinance in question had been repealed on the day before the accident to appellant, it seems clear that there could be no liability against the city. Then, upon what system of reasoning could he recover simply because the ordinance was suspended on the day of the accident?

Appellant, in his brief, relies upon the cases of *Cohen* v. *Mayor etc.,* 113 N. Y. 532, 10 Am. St. Rep. 506, 21 N. E. 700; *Speir* v. *City of Brooklyn,* 139 N. Y. 6, 36 Am. St. Rep. 664, 34 N. E. 727. In *Cohen* v. *Mayor etc.,* the facts were that the city, by a permit, allowed a grocer to keep a wagon in front of his store when not in use. On a certain morning Cohen was walking along the street in front of the grocer's store. At the same time a wagon loaded with ice was passing in one direction, and one loaded with coal was passing in the other. The grocer's wagon, without any horse attached, was standing in front of his store. The thills were tied up in a perpendicular position with a string. The length of the wagon was parallel with the course of the street. The ice-wagon, probably in attempting to avoid the coal-wagon, caught against the wheel of the grocer's wagon, turned it around, and loosened the thills, so that they fell and struck Cohen on the head, injuring him so that he died the next day. The city was held liable. The court held that the permission was not authorized by law, and that the owner of the wagon acquired no right by virtue of the license to store his wagon in the street, and in doing so he was clearly guilty of maintaining a nuisance. The defendant was also guilty because it assumed to authorize the erection and continuance of a nuisance. The

legal power to obstruct the street by grant of a license had been withheld by the legislature from the city. Nevertheless, it did grant such a permit, and took a compensation on account of it. In thus doing, the city became a partner in the erection and continuance of such nuisance.

*Speir* v. *City of Brooklyn, supra,* was a case where fireworks were allowed by the mayor, under an ordinance, at the junction of two narrow streets in the city of Brooklyn, and plaintiff's property was destroyed, and the city was held liable; the court having held that the circumstances of that particular case made the same a public nuisance, and the plaintiff recovered under that theory. Such displays, the court seemed to think, should be under the supervision of the municipal authorities, and it was probably entirely proper for the court to rule as it did in this particular case. It was at the junction of two narrow streets of a large city, completely built upon, and where any misadventure in managing the discharge would be likely to result in injuries to persons or property. The action in the case at bar is not upon the theory that the city was guilty of unlawfully erecting and maintaining a nuisance. A city is liable for maintaining a nuisance, unless expressly authorized by law to do so. It was on this theory a recovery was had in the New York cases. It may have been an error of judgment in the officers of the city in granting the permit or suspending the ordinance on the particular street on the day alleged, but cities are not responsible for errors of judgment of their officers in the enforcing of their laws. We must conclude that, both from the reading of the charter of the city and the weight of authority, the chief justice was correct in sustaining the demurrer, and the judgment is affirmed.

Rouse, J., and Sloan, J., concur.