# CHARLESTON.

BARTLETT *v.* TOWN OF CLARKSBURG.

45   393
47   649

45   393
f57  434

Submitted June 6, 1898—Decided November 30, 1898.

1. MUNICIPAL CORPORATIONS—*Liability—Fireworks—Municipal Officers.*

    An incorporated town is not liable for personal injuries occasioned by the firing of squibs, rockets, fireworks, and firearms on the streets by a crowd of citizens, although such acts be done with the knowledge and consent of the mayor, council, police, and other officers of such corporation. (p. 395).

2. MUNICIPAL CORPORATIONS—*Negligence of Officers—Damages.*

    As to the powers and functions of an incorporated town of a public governmental character, it is not liable for damages caused by the wrongful acts or negligence of its officers or agents therein. (p. 397).

Error to Circuit Court, Harrison County.

Action by R. B. Bartlett against the town of Clarksburg. From a judgment sustaining a demurrer, plaintiff brings error.

*Affirmed.*

W. SCOTT, for plaintiff in error.

JOHN BASSEL and M. M. THOMPSON, for defendant in error.

MCWHORTER, JUDGE:

R. B. Bartlett brought his action on the case in the circuit court of Harrison County, to recover damages against the town of Clarksburg for personal injuries sustained by plaintiff by reason of the discharge by private persons of firearms, squibs, rockets, and fireworks at a narrow place in one of the streets of said town, on the ground that the said fireworks were discharged by the consent and written permission of the mayor, and with the knowledge and consent of the council and police and other officers of said town, and that the said discharge of firearms, fireworks, etc., was of such a nature as to be a public nuisance, whereby the team of horses of plaintiff attached to his buggy became frightened and unmanageable, and beyond the control of plaintiff, and ran away, throwing plaintiff from his buggy seat, and badly injuring him, for which injuries plaintiff alleges said town is liable to him for damages. The declaration contains two counts. Defendant demurred to the declaration and each count, which being argued and considered, the court sustained said demurrers; and, plaintiff not desiring to amend his declaration, the same was dismissed, and judgment rendered in favor of defendant for costs. No ground of demurrer is contended for, except that the town is not liable, and that an action cannot be maintained against the town for the wrong complained of. The appellant cites *Speir* v. *City of Brooklyn*, 139 N. Y., 6, (34 N. E. 727), which is, as he claims, on all fours with the case at bar, where it is held that "a city is liable for injury to property by an explosion of fireworks constituting a dangerous public nuisance, when the display was made under a permit given by the mayor of the city acting under authority of a city ordinance." In the case under

consideration, it is not alleged in the declaration that the written permit was granted by the mayor acting by virtue or under authority of an ordinance of the town. This is about the only particular in which the two cases differ. In *Speir* v. *City of Brooklyn* the judge says: "It is the settled doctrine of the courts that a municipality is not bound merely by the assent of its executive officers to wrongful acts of third persons; nor could the mayor bind the city by a permit for the granting of which he has no color of authority from the common council, and which was not within the general scope of his authority." The case of *Speir* v. *City of Brooklyn* is supported by some other authorities; and I confess I am largely in sympathy with the decision in that case, and agree with Judge Okey as to the nuisance in the case of *Robinson* v. *Greenville*, 42 Ohio St., 630, where he says: "That firing of cannon in a public street of a municipal corporation, except in case of imperative and urgent necessity, is an intolerable nuisance and that all persons engaged in such unlawful act are personally liable for all damages caused thereby, are propositions concerning which there is no room for difference of opinion. But a very different question is presented when it is attempted to fasten liability for such injuries on a municipal corporation."

In the case at bar the acts complained of are equally as great a nuisance as the firing of cannon, as stated in above case. Appellee contends that "the law in this State has been settled in at least two cases upon all fours with this case," viz. *Mendel* v. *City of Wheeling*, 28 W. Va., 233, and *Brown's Adm'r* v. *Town of Guyandotte*, 34 W. Va., 299, (12 S. E. 707). Cooley on Torts (pages 738, 739) says: "Municipal corporations are to be considered—First, as parts of the governmental machinery of the state, legislating for their corporations, and planning and providing for the customary local conveniences of their people; second, as corporate bodies, through proper agencies putting into execution their plans, and discharging such duties as they have imposed upon themselves, or as the state has imposed upon them; and, third, as artificial persons owning and managing property. In the last capacity they are chargeable with all the duties and obligations of other

owners of property, and must respond for creating or suffering nuisances, under the same rules which govern the responsibility of natural persons. * * * For taking or neglecting to take strictly governmental action, municipal corporations are under no responsibility whatever except the political responsibility to their corporations and to the state. The reason is that it is inconsistent with the nature of their powers that they should be compelled to respond to individuals in damages for the manner of their exercise. They are conferred for public purposes, to be exercised within prescribed limits, at discretion for the public good; and there can be no appeal from the judgment of the proper municipal authorities to the judgment of courts and juries. Therefore one shows no ground of action whatever when he complains that he has suffered damage because the city he resides in has made insufficient provision for protection against fire, or because cattle are not prohibited from running at large, or because coasting in the highways is not prevented, or because the operation of an ordinance which prohibits the explosion of fireworks in the city is temporarily suspended, or because provision is not made for lighting the streets. * * * Neither is a municipal corporation responsible for the failure of its officers to discharge properly and effectively their official duties; for in respect to these the officers are not properly the servants or agents of the corporation, but act upon their own official responsibility, except as they may be specially directed by the corporate authority." In *Robinson* v. *Greenville, supra,* (Syl. point 4): "An assemblage of disorderly persons, after having been engaged for several hours in discharging a cannon in a public street of a municipal corporation, seriously injured a resident of the corporation, himself without fault, by one of such discharges. Held, that such corporation is not liable for the injury, although the statute provides that the council shall have the care, supervision, and control of the streets, 'and shall cause the same to be kept open and in repair, and free from nuisance' (Rev. St. Ohio, § 2640); and it will make no difference that the authorities of such corporation, with knowledge of such firing, took no steps to prevent the same." Also *Borough of Norristown* v. *Fitzpatrick,* 49 St., 121, (Syl. Pa.

points 1 and 2): "(1) N. was injured, while crossing a street in a borough, by the firing of a cannon by a crowd of citizens. In an action against the borough to recover damages for the injury, the jury, in a special verdict found that the cannon had been fired at short intervals for several hours, at various points in the borough; that it was not fired at any public or authorized celebration; that a policeman was standing by, and made no effort to stop the firing. A special act of assembly authorized the borough to appoint policemen, remove nuisances, etc. Held, that the borough was not liable. (2) Admitting that such an assemblage was a nuisance, and that of the worst kind, it is one that a municipal corporation cannot abate by the use of ordinary appliances, such as suffice for the removal of natural or material obstructions in or near a highway, and resort therefor must be had to the police; but for the doings or misdoings of those who compose this force the municipality is not liable." *Campbell's Adm'x* v. *City Council*, 53 Ala., 527: "The city is not liable for injuries resulting from violence, which the police, by diligent discharge of duty, might have prevented. Although appointed by the city, the police are *quasi* civil officers, for whose misfeasance or nonfeasance in office the city is not responsible, though they are personally answerable." *City of La Fayette* v. *Timberlake*, 88 Ind , 330: "A municipal corporation is not liable for a personal injury occasioned on its streets by persons making an unlawful use of its streets, as by coasting. A municipal corporation is not liable for failure to exercise governmental powers, as for failure to enforce the state laws or its own ordinances. A municipal corporation is not liable for the negligence of its police officers. They are not its agents, but public officers." *Faulkner* v. *City of Aurora*, 85 Ind., 130: "A city, after having adopted an ordinance prohibiting upon its streets, sports tending to produce personal injury, is not liable for a collision occuring upon a street, whereby a traveler was injured, as the result of coasting for sport, though the sport was carried on by crowds, publicly, in the presence of its officers and police, to the obvious danger of persons using the streets." *Ball* v. *Town of Woodbine*, 61 Iowa, 83, (15 N. W. 846): "Where fireworks are dis-

charged within the limits of an incorporated town, in violation of the ordinances of the town, whereby one is injured, the town is not liable for such injury, notwithstanding the town council and officers of the town and a majority of the citizens actively participate in the discharge of the fireworks, and the town, by its officers, makes no attempt to stop the proceedings." *Hill* v. *City of Charlotte*, 72 N. C., 55: "A municipal corporation having power, under its charter, to make ordinances for the safety of its property in the city, suspended for a short time the operation of an ordinance forbidding the use of fireworks within the city. During such time, plaintiff's building was set on fire, and destroyed, by fireworks negligently used by boys. Held, that the corporation was not liable for such destruction." Dill. Mun. Corp. § 753: "A municipal corporation is not liable to an action for damages, either for the nonexercise of, or for the manner in which, in good faith, it exercises, discretionary powers of a public or legislative character." *Wheeler* v. *City of Cincinnati*, 19 Ohio St., 19; *Forsyth* v. *Mayor, etc.*, 45 Ga., 152; *Fisher* v. *City of Boston*, 104 Mass., 87.

Authorities might be multiplied indefinitely. While the decisions are not all on one side yet the great weight of the authorities, including those of our own State, is with the action of the circuit court in this case. In *Brown's Adm'r* v. *Town of Guyandotte*, 34 W. Va., 299, (12 S. E. 707, Syl. point 1), it is held that, "as to the powers and functions of a town of a public governmental character, it is not liable for damages caused by the wrongful acts or negligence of its officers or agents therein." *Mendel* v. *City of Wheeling*, 28 W. Va., 233. The judgment will have to be affirmed.

*Affirmed.*