# CHARLESTON

## Shaw *v.* City of Charleston.

### Submitted March 1, 1905.    Decided March 21, 1905.

1. **Municipal Corporation—*Jail—Unsanitary Condition—Damages*.**
   A municipal corporation is not liable for injuries to a person occasioned by the unsanitary condition of its prison while he is confined therein for violation of a city ordinance.    (p. 435.)

2. **Municipal Coporation—*Prison*.**
   The maintenance of a prison is the exercise of a purely governmental power, and a municipal corporation is not liable for injuries caused by negligence or omission of duty on the part of its officers and agents, respecting its prison or persons confined therein.    (p. 436.)

3. **Parent and Child.**
   A father cannot maintain an action in his own right for damages on account of the negligent killing of his child.    (p. 436.)

Error to Circuit Court, Kanawha County,

Action by G. H. Shaw against the City of Charleston. Judgment for defendant and plaintiff brings error.

*Affirmed.*

JAS. P. FERGUSON, for plaintiff in error,

H. D. RUMMEL, for defendant in error.

POFFENBARGER, JUDGE:

The circuit court of Kanawha county sustained a demurrer to a declaration in an action of trespass on the case, brought by G. H. Shaw against the City of Charleston, charging that, by reason of the wrongful and negligent acts of said city, it had caused the death of the plaintiff's son, a child about seven years old, by causing him to be incarcerated in its filthy and unsanitary city prison. To the judgment, dismissing the action, the plaintiff Shaw obtained a writ of error.

The case is ruled by the general principles of law announced by this Court in the cases of *Brown's Admr.* v. *Town of Guyandotte,* 34 W. Va. 299, *Gibson* v. *Huntington,* 38 W. Va. 177, and *Bartlett* v. *Town of Clarksburg,* 45 W. Va. 393. In *Gibson* v. *Huntington,* the classes of cases in which municipal corporations are liable for injuries are summarized as follows: First, failure to keep its streets, alleys, side-walks, roads and bridges in repair; second, injuries inflicted in the discharge of purely ministerial duties, not governmental or discretionary in character; third, injuries caused by the negligent management of its corporate property. In the same case it is held that: "A municipal corporation is not liable for injuries caused by the negligence of its agents and officers in the discharge of or omission to discharge duties, which are purely governmental or discretionary." In *Bartlett* v. *Clarksburg,* the Court said: "As to the powers and functions of an incorporated town of a public governmental character, it is not liable for damages caused by the wrongful acts or negligence of its officers or agents therein." *Brown's Admr.* v. *Town of Guyandotte* is a case exactly in point, holding that: "A town is not liable for damages for the death of a person caused by the burning of its

jail while such person was confined therein by town authority for a violation of its ordinances, though such fire was attributable to the wrongful act or negligence of the officers or agents of the town." *Richmond* v. *Long*, 17 Grat. 375, held the city of Richmond not liable for the loss of a slave, admitted into the city hospital as a small-pox patient, whose death resulted from the negligence of the agent of the city in allowing him to escape and freeze to death. The principles announced in these last two cases, directly applicable to the case in hand, are so well supported by reason and authority that it is deemed useless to consume time in a re-examination of them. They are supported by the great weight of authority. Some cases holding a contrary doctrine will be found in the reports, but the reasons assigned for it are wholly unsatisfactory. Such is the case of *Edwards* v. *Pocahontas*, 47 Fed. Rep. 268, which attempts to mark a distinction in this respect between cities and towns, on the one hand, and counties, on the other, in respect to liability, on the ground that cities and towns voluntarily assume legislative power, while counties do not. How a difference in the method by which the two classes of corporations obtain the legislative power vested in them can change the character of that power and impose liability for its negilent exercise, when the legislature has not expressly provided for such liability, is not apparent on the face of the proposition, and the reasons assigned in the few isolated cases asserting the doctrine are wholly unsatisfactory. The right of action for injuries occasioned by defects in streets, sidewalks, alleys and bridges, recognized by the courts, in no manner argues the existence of liability for injuries resulting from the unsanitary condition of a prison. In respect to these, the statute goes far beyond a simple requirement that they be kept in good condition, and provides that any person who sustains an injury to his person or property by reason of a defect in any public road, street, sidewalk, bridge, &c., may recover damages therefor, whether the highway be a county road or a city street. But the cases are in no sense analogous. Highways are in a sense works of improvement maintained for the benefit of the people, as to which municipal corporations have large discretionary powers. A prison is an instrumentality or agency essential to the exercise of the purely governmental func-

tion of enforcing the criminal law. In North Carolina the rule of liability in such cases was broadly laid down in the case of *Lewis v. Raleigh*, 77 N. C. 229, decided in 1877, based upon the peculiar provisions of the constitution and statutes of that state. It is still upheld by that court, but has been, in the later cases, narrowed in its operation and effect so as to impose upon the city only the duty of properly constructing and furnishing the prison and exercising ordinary care in providing necessaries for the prisoners and supervising subordinates in charge of the prison. It is not liable for injuries resulting from the negligence of policemen or keeper of the prison in failing to make use of the improvements and appliances furnished, unless the municipal authorities have had notice of such negligence and failed to remedy the evil. *Coley v. Statesville*, 121 N. C. 301. In no other state does the doctrine of municipal liability for injuries resulting from imprisonment in unsanitary places seem to have been adopted.

Another insuperable defect in the case is the character in which the plaintiff sues. Instead of qualifying as administor of his son and suing in that capacity, he has brought the action in his individual capacity. The common law rule forbidding such an action, under the maxim *actio personalis moritur cum persona*, has often been criticised and condemned as being technical and unsupported by sound reason, but with the single exceptions of *Sullivan v. Railroad Co.*, 3 Dillon (U. S.) 334, and *Shields v. Yonge*, 15 Ga. 349, it has been observed and enforced everywhere as law too well settled to be disturbed. *Sullivan v. Railroad Co.*, was itself finally disposed of under the general rule and is no longer considered an authority against it. *Sullivan v. Railroad Co.*, 1 McCrary (U. S.) 301. Cases enforcing the principle could be cited by scores from practically every state in the union. 8 Am. & Eng. Ency. Law (2d Ed.) 854; 13 Cyc. 310. It cannot be overthrown on the *quaere* put in *Cook v. Darby*, 4 Munf. 444, as to whether or not the right of action for a civil injury is merged in the felony which occasioned it, and the statement by Judge Green in *Allison v. Bank*, 6 Rand. 204, that the felonious character of an act is not a bar to, or a suspension of, the civil remedy for an injury resulting from it. However plausible the reason urged against the rule may

be, this Court must make the same reply that so many others have given.   It is too firmly established to be altered upon any speculation as to what the reason upon which it was originally based was, and whether it has ceased.

An effort is made to sustain the declaration on the allegation of plaintiff's loss of his son's services and his outlay in paying the expenses incident to his sickness, a right of action accruing to the plaintiff himself, but, as the act from which this injury results is one for which the city cannot be held liable in damages, the claim for expenses and loss of services is as groundless as the other.

If the averments of the declaration are true, a most grievous wrong has been done the plaintiff. It is difficult to conceive of conditions and circumstances in an American city, which might result in the infliction of such barbarous and inhuman treatment as is alleged to have befallen this little child in the city of Charleston, but the hardship of the case cannot be permitted to overthrow fundamental principles of law.

These conclusions render further discussion of the declaration and ruling of the Court unnecessary.   The judgment must be affirmed.

*Affirmed.*