ANDREW HOOVER, Respondent, v. CITY OF FULTON, Appellant.

Kansas City Court of Appeals, February 2, 1914.

1. NEGLIGENCE: Personal Injuries: Municipal Corporations. An employee of defendant city was driving an oil spreader on the street. Plaintiff approached driving a team which became frightened at the spreader, and the pungent smell of the hot oil. This fright and its cause was manifest to the driver of the oil wagon. Plaintiff requested the driver thereof to stop but the latter negligently failed to do so, and upon approaching closer to plaintiff's team, the latter became frantic, ran away and were injured and demolished the buggy. *Held* that, as there was evidence tending to show that the driver of the oil spreader, after seeing plaintiff's predicament, could have stopped in time to have avoided the runaway and that his failure to do so when requested caused the damage, the city was liable. In such case the cause of the injury and the question of negligence and whether the driver could have stopped in time were all questions for the jury.

2. ———: ———: ———. In such case the city is not held liable for using a terrifying object on the streets but for not using ordinary care to avoid injury after discovering plaintiff's peril.

Appeal from Callaway Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*E. L. McCall* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action and defendant's demurrer should have been sustained. The defendant had a lawful right on the street, and was using an ordinary sprinkling wagon, which is in use on the streets nearly every day in the year, and is no object to scare horses of ordinary gentleness. 28 Cyc. 1381; 1401-1402; Meyer v. K. C., 108 Mo. App. 108 and 480; 28 Cyc. 1455 and 1426. (2) The evidence of plaintiff shows that his horses were not frightened till he reached a point nearly opposite defendant's team, and when the tongue of his buggy broke, and this caused a mix-up with the city team, frightened it, and defendant could not stop it as quickly as it desired. Defendant owed plaintiff no duty, and therefore did not fail in the performance of a duty. Duty lies at the foundation of negligence; and if defendant owed plaintiff no duty, it is not liable to plaintiff. Gurley v. Railroad, 104 Mo. 223; Roddy v. Railroad, 104 Mo. 214; Atherton v. Coal Co., 106 Mo. 591; Barry v. Calvary Cemetery, 106 Mo. App. 362; Glaser v. Rothchild, 106 Mo. App. 424: Pueschell v. Fire Works, 79 Mo. App. 459.

*J. R. Baker* and *N. T. Cave* for respondent.

(1) The demurrer was properly overruled. Gurley v. Railroad, 104 Mo. 211; Paden v. Van Blarcom, 181 Mo. 117; Fry v. Railroad, 200 Mo. 377; Phelan v. Paving Co., 227 Mo. 666; Dale v. Construction Co., 108 Mo. App. 90. (2) There was evidence tending to show that the oil tank in question was likely to scare horses, and the spreading of the oil presented an unusual and offensive sight, noise and odor. Gurley v. Railroad, 104 Mo. 211; Paden v. Van Blarcom, 181 Mo. 117; Fry v. Railroad, 200 Mo. 377.

TRIMBLE, J.—An employee of defendant was driving an oil spreader along one of defendant's

streets oiling the north half thereof. The south half had been oiled the Saturday before. This oil spreader was a wagon with a large tank on it having a sprinkler at the rear similar to that used on a water wagon to sprinkle streets. The oil when spread is heated so that it will run freely. It emits a pungent smell, and when it strikes the cold street some steam or vapor arises. There is evidence, too, that this oil spreader is likely to scare horses. But, in the view we take of the case, we do not think these facts are of very great importance, as plaintiff's right to recover is not predicated upon the city's negligence in using an object on the streets likely to scare a team, nor upon the fact that the oil tank was of an unusual size, or was emitting an unusual and offensive odor.

Plaintiff drove into town and entered the street which was being oiled, and drove his team, hitched to a buggy, east along the north side of the street. The oil spreader was being driven west and as the two vehicles approached each other plaintiff's team became frightened at the spreader and this fright was plainly manifest to the driver of the oil wagon. Plaintiff called to the driver and asked him to stop, but the latter, although in plain view and hearing distance and able to see and understand the situation, did not accede to the request but kept on approaching and the frightened horses became still more frightened, and, in their frantic efforts to get away, either threw or pulled plaintiff out of the buggy and then ran away demolishing the buggy and breaking the leg of one of the horses.

The negligence charged does not consist in the unusual nature, character, or size of the oil spreader, nor in the use of an instrument inherently likely to frighten horses, but in negligently failing to stop, when requested, and after the oil driver saw and knew, or by the exercise of ordinary care could have seen

and have known, that plaintiff's horses were frightened at the spreader in time to have stopped and thereby avoided the runaway, which took place thereafter because of his failure to stop.

We have carefully read the entire evidence and think there was undoubtedly substantial evidence tending to show that this negligent failure to stop, after plaintiff's situation and predicament became apparent, caused the runaway and brought about the damage sued for. It is true there is evidence to the contrary, but the conflict in the testimony was for the jury to settle, and they have done so in plaintiff's favor, having returned a verdict for him in the sum of $350. [Darlington Lumber Co. v. Building Co., 134 Mo. App. 316; Culbertson v. Hill, 84 Mo. 553.] The evidence tending to show that the spreader and the unusual smell of the oil were likely to scare horses bears on the question of what did scare the horses, and also throws light on the question whether the driver of the oil wagon was under any obligation to stop when he saw the situation. The tests of a defendant's liability, when charged with negligence in a case like this, are whether or not the given results arise as the consequences of the act complained of and whether or not the consequences were such as, under the circumstances, might and ought to have been foreseen by defendant in time to have avoided them by the exercise of ordinary care. [Paden v. Van Blarcom, 181 Mo. 117.] When these tests are answered in the affirmative the defendant's liability appears, and where there is substantial evidence to support them, the answer must come from the jury.

As to plaintiff's assuming the risk by entering upon a street closed to traffic, the evidence shows that only the north half of it was closed or had a sign to that effect while the south half was purposely left open for travel. And plaintiff did not assume the risk of the oil driver's negligence in continuing on his way

after the plaintiff's predicament and the cause thereof became known to him. [Phelan v. Paving Co., 227 Mo. 666.]

Under the authority last cited and others, the petition stated a cause of action, and defendant's demurrer was properly overruled. Moreover, defendant by answering over waived any defect save the defect of stating no cause of action whatever. [Wyler v. Ratican, 150 Mo. App. 474.] If the petition in this case stands in need of any reasonable intendments in its favor, it is rightfully entitled to them after verdict and judgment, since it notified defendant with reasonable certainty of the character of the action and the issues it was called upon to meet.

The remark of the trial court, of which complaint is made, while neither polite nor complimentary to the attorney trying the case, was not reversible error since it did not in the remotest degree bear upon anything which would influence the case. Impatience and acerbity from the bench frequently wound the feelings cruelly and are, therefore, hard to bear. They do not assist, but hinder, the proper performance of the difficult, exacting, and frequently delicate duties of a judge. But if one can fully realize the multitude of cares, perplexities and responsibilities that beset and harass a trial judge, he is willing to at least indulge in the habit of kindly judgment, even if an impatient or unkind remark does now and then escape from the usually patient and kindly disposed individual on the woolsack.

The instructions are not open to the objections made to them. They are fully authorized by the decision of the Supreme Court in the Phelan case above cited. Neither do they predicate plaintiff's right to recover upon a cause of action not stated in the pleadings or outside the evidence. The affirmance of this case in no way tends to establish the rule that the city cannot use on its streets an instrument likely to

frighten horses without making itself liable in damages. What this case does hold, and that rule is already well established, is that an employee of a city, using an instrumentality that does frighten horses, and, after seeing or having reason to think that another's team is being frightened and is liable to become unmanageable and run away, must use ordinary care to avoid causing that result if it is reasonably possible to do so.

The judgment is affirmed. All concur.