DOLPH REMY, Appellant, v. CITY OF SHENANDOAH, Appellee.

**MUNICIPAL CORPORATIONS:** Injury Resulting from Celebration. A city is not liable to a person injured by being hit by a firecracker, while on a public street during a patriotic celebration which, while not expressly authorized by the city authorities, was carried on with their full knowledge and acquiescence.

*Appeal from Page District Court.*—SHELBY CULLISON, Judge.

DECEMBER 14, 1918.

ACTION by Dolph Remy, a minor child, in the name of his next friend, against the city of Shenandoah, for damages caused by a firecracker, striking him in the eye during a public celebration in that city. The court, at the close of the evidence for plaintiff, directed the jury to return a verdict for defendant.—*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*Wilson & Keenan,* for appellee.

STEVENS, J.—On the evening of July 4, 1916, Dolph Remy, with his parents and grandparents, was sitting on the sidewalk, watching a street parade. The celebration was under the management of a citizens' committee, and consisted of the customary festivities and patriotic demonstrations, including the promiscuous shooting of firecrackers upon all of the public streets of the defendant city. Some unknown near-by person threw a lighted firecracker into the street, which, failing to explode, struck Dolph in the eye, practically destroying the sight thereof. It is not claimed that express permission was granted the public by the city council to shoot firecrackers upon the public streets, but that it was generally and universally done on the day in question, with the full knowledge and acquiescence of such officers. No effort was made by the city officials to suppress or prevent it.

Counsel upon both sides have favored us with elaborate briefs, in which great numbers of decisions from other jurisdictions are cited; but we have no occasion to review them, as the facts in this case bring it squarely within our holding in *Ball v. Town of Woodbine,* 61 Iowa 83. Some contention is made by counsel for appellant based upon *Wheeler v. City of Fort Dodge,* 131 Iowa 566, but a careful reading of the opinion in that case satisfies us that there is no want of harmony in the two cases, and that both are in accord with the great weight of authority. The writer of

the opinion in *Wheeler v. City of Fort Dodge,* supra, clearly distinguishes the two cases, as follows:

"The conclusion as here reached is in no manner inconsistent with the decision in *Ball v. Woodbine,* 61 Iowa 83, where we held the city not liable for the act of its officers in discharging fireworks, or failing to prevent such discharge, by which the plaintiff was injured. The essence of the complaint in that case was either the personal misconduct of certain persons who happened to be officers, or the failure of such officers to properly police the city; and for such failure the cases are quite uniform in holding the city not subject to a claim for damages."

Indeed, the distinction indicated was observed by the court in the *Ball* case.

The motion to direct a verdict in favor of defendant was properly sustained, and the judgment of the court below is—*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.