# CHARLESTON.

G. W. DOUGLASS, ADM'R. *v.* COUNTY COURT OF ROANE CO.

Submitted January 11, 1922.   Decided January 17, 1922.

1.  HIGHWAYS—*Construction, Maintenance and Repair a Governmental Function and County Not Liable for Personal Injuries from Negligence in Absence of Statute.*

    The construction, maintenance and repair of public roads of a county, by its county court, are governmental functions; wherefore, for an injury inflicted upon a citizen, by the negligence of its agent, servant or employee, in the execution of such work, it is not liable, unless the act causing the injury was of such character as to impose liability under the terms and provisions of a statute.   (p. 48).

2.  SAME—*Negligent Driving of County's Motor Truck Held Not to Make Road Unsafe or "Out of Repair" Within Statute so as to Render County Liable.*

    Negligent driving of a motor truck owned by a county court and used in such work, upon a county road, by one of its agents, servants or employees, in consequence of which a citizen traveling on such road is fatally injured, does not make the road unsafe for travel or "out of repair" within the meaning of sec. 154 of ch. 43 of the Code, and, in such case the county court is not liable in damages   for the death of the persons so injured, under or by virtue of said statute.   (p. 49).

Appeal from Circuit Court, Roane County.

Action by G. W. Douglass, as administrator, against the County Court of Roane County, for the wrongful death of plaintiff's intestate, and from the sustaining of a demurrer to plaintiff's declaration, the plaintiff appeals.

*Affirmed.*

*Thos. P. Ryan* and *Hogg & Hogg,* for appellant.
*John W. Lance* and *Harper & Baker,* for appellee.

POFFENBARGER, PRESIDENT:

The decision certified in this case sustained a demurrer to a declaration setting up a claim for damages for wrongful death of the plaintiff's intestate, inflicted on a county road, by a motor truck owned by the defendant and operated by one of its servants.

The condition of the road at the point at which the decedent incurred his fatal injury seems to have been good. The declaration alleges that it was at least twenty feet wide and there is no suggestion that it was rough, uneven or otherwise defective. It may be inferred from certain allegations, that other portions of the road were undergoing repairs, but no connection between the injury and those portions is alleged. The injury occurred while the plaintiff's intestate was journeying from his home, on horseback, to the town of Spencer, and at a point about three-quarters of a mile outside of the limits of the town. There he met a gasoline motor truck owned and used by the defendant, in the construction and repair of its roads, coming up a grade in the road and running on the left or wrong side thereof. As it approached at a high rate of speed, the decedent, observing that his horse was taking fright, signaled the driver of the truck to stop it or reduce its speed, but the signal was ignored and the speed increased. Thoroughly frightened, the horse became unmanageable and threw its rider on the paved road, in front of the truck, by which he was run over and killed.

Conceding the ownership, maintenance and operation of the truck by the defendant, for governmental purposes and

in governmental work, the construction, maintenance and repair of its public highways, liability is not claimed on the ground of mere negligence of the defendant's servant in the operation of the truck.   Lack of liability on that ground is admitted, and it is clearly manifest that, under our decisions, there can be none.   *Brown's Adm'r* v. *Guyandotte,* 34 W. Va. 299; *Bartlett* v. *Clarksburg,* 45 W. Va. 393; *Shaw* v. *City of Charleston,* 57 W. Va. 433; *Mendel* v. *Wheeling,* 28 W. Va. 233.   The exceptional cases of *Wigal* v. *City of Parkersburg,* 74 W. Va. 25, *Ritz* v. *Wheeling,* 45 W. Va. 262, and *Gibson* v. *Huntington,* 38 W. Va. 177, are not relied upon in the argument, nor is there any effort to bring this case within the principles they announce.   While some broad expressions used in them might include this case within their terms, we are of the opinion that no liability can be asserted on the mere ground of negligence in the operation of the truck.   Allowance thereof would be against the overwhelming weight of authority in practically all jurisdictions. *Richmond* v. *Long's Adm'r,* 17 Gratt. 375; *Orme* v. *Richmond,* 79 Va. 86; *Matthews* v. *Vicksburg,* 64 Miss. 777; *Hill* v. *City of Boston,* 122 Mass. 344; Dillon, Mun. Cor., 5th Ed., secs. 1656 to 1664, inclusive.

The theory of liability urged in argument is that the negligent act of the defendant's servant in the use of its truck on its road, is imputable to it, and had the legal effect of making the road unsafe for public travel, and, therefore, "Out of repair," within the meaning of the statute, imposing liability for injury to any person, occasioned by a defect in a highway.   Code, ch. 43, secs. 154, 155.   As interpreted by our decisions, the statute is broad enough to impose liability for injury occasioned by obstructions upon highways, otherwise in perfect condition and good repair, and by lack of guard rails along walls and declivities and warnings at dangerous places.   But we are unable to concur in the view that the mere negligence of a servant of a county court, in a single instance, upon its highway, amounts in law to an obstruction or a defect in the highway.   The right of the defendant to operate its truck upon the highway is as clear and perfect as that of any private citizen; wherefore such use in-

troduced no element of danger beyond that incident to use of a highway by any other person.    Roads are constructed and maintained for the use of vehicles as well as horses and pedestrians.    Common use thereof for all purposes necessarily gives rise to ordinary risks and dangers for the consequences or results of which county courts are not made liable or responsible.    In other words, the law  does  not attempt to provide public indemnity against injuries so incurred.    In so far as indemnity is provided, it is absolute, but it is limited to injuries occasioned by a defect of some kind in the highway itself, and does not extend to mere acts done upon it, unless they render it physically out of repair or unsafe.    The act complained of here was clearly not of that character.

In some jurisdictions, municipal corporations seem to be held to liability for injuries incurred upon highways, upon the general principles of the law of negligence and *respondeat superior*, and the liability extended to wrongful acts committed by citizens upon the highways.    *Ouverson* v. *Grafton* (N. D.) 65 N. W. 676.    In that case the injury was inflicted by a horse which had taken fright at a steam threshing machine left temporarily upon a street by the owner. The city seems to have had nothing whatever to do with it, but it was held liable upon the theory of negligence, in having permitted it to be left upon the street.    In the *City of Weatherford* v. *Lowery*, (Tex. Civ. App.), 47 S. W. 34, servants of the city engaged in the digging of a ditch along the side of the street, left a scraper in the street at the close of a day's work, with its bright side exposed to the view of horses passing along the street, and the plaintiff was injured as a result of the frightening of a horse by the scraper.    In *Hoover* v. *City of Fulton*, 177 Mo. App. 95, the plaintiff's injury was occasioned by the fright of a horse, caused by an oil-spreader used on the street by the city. In neither case, was the injury inflicted by direct contact with the alleged obstruction, nor was the scraper in the one case, or the oil-spreader in the other, treated as an obstruction rendering the street unsafe.    In both cases liability was imposed upon the theory of negligence of servants of the city.

No attempt was made in either decision to reconcile the theory of liability with unsafety of the highway. There is an attempt to do so, however, in *Burnett* v. *Greenville*, (S. C.) 91 S. E. 203, in which the plaintiff incurred personal injury and suffered damage to his car, by reason of the use of a street by other persons, in the testing and racing of their automobiles, with the knowledge and consent of the city au-thorities.     This holding is in irreconcilable conflict with our decision in *Bartlett* v. *Clarksburg,* 45 W. Va. 393.

If the North Dakota and Texas decisions above referred to are sound, they do not sustain the declaration in this case. Both the threshing machine and the scraper may be re-garded as obstructions to the highway.     The Missouri case proceeds upon the theory of negligence in the municipal of-ficers imposing liability on the municipality.     Both it and the South Carolina case are clearly inconsistent with princi-ples firmly declared by our decisions.     Hence, they cannot be followed.

For the reasons stated, we are of the opinion that the de-murrer to the declaration was properly sustained.

*Affirmed.*