HILBERT REINART, Appellant, v. INCORPORATED TOWN OF MANNING, Appellee.

No. 40306.

June 23, 1930.

*McCrary & Dunn,* for appellant.

*Douglas Rogers,* for appellee.

Albert, J.—This action was brought in behalf of Hilbert Reinart, by John Reinart, his next friend; but, for convenience, the injured boy will be referred to as "plaintiff." He was about 16 years of age at the time of the accident. Defendant is a municipal corporation, under the laws of the state of Iowa.

About 9 o'clock P. M., July 3, 1929, the plaintiff was walking on a sidewalk in defendant town on the east side of Main Street, at or near what is known as the "fire station," when an "explosive exploded" on said sidewalk at said place, causing plaintiff's face to be burned, and one of his eyes injured, so as to totally or partially destroy the sight. This caused plaintiff pain and suffering, loss of time, and permanent injury. Plaintiff alleges that the town of Manning had knowledge, or should have had knowledge, that said sidewalk was being used continuously, day and night, upon the 2d and 3d of July, 1929, as a place for exploding powder, giant firecrackers, and bombs; that the city failed to keep its sidewalks free and safe from nuisance; that plaintiff in no way contributed to his injury; that the defendant neglected to regulate or control said practice of exploding dangerous explosives, and failed to warn those using the streets of the constant danger, or "in not withdrawing said streets and sidewalks from public use;" and that these matters constituted negligence on the part of the defendant.

The above matters are set out in the petition, consisting of two counts, to which petition a demurrer was filed and sustained. Summarized, the fact situation is about as follows:

On the evening of July 3, 1929, the plaintiff was traveling

on the sidewalk on the streets of the town of Manning, and some unknown persons were discharging giant firecrackers, bombs, and possibly other fireworks on said sidewalk. It is not alleged that these unknown persons were officers of the town, but it is alleged that some officers of the town not described or named "knew, or ought to have known, of this use of the street." One of these bombs or firecrackers was discharged, injuring the plaintiff, and it is sought to hold the town responsible therefor.

It might be said, in passing, that, if we are able to interpret the plaintiff's petition, the first count seeks to hold the defendant responsible on the ground of nuisance, and the second, on the ground of negligence.

The exuberance of our people, both young and old, in celebrating Independence Day has somewhat abated, as the years have gone by; but it has been regarded, and has ever been looked upon, as the right and privilege of the American citizen to thus celebrate. This question is not new, and has been many times before the courts. A review of the cases shows that in some instances recovery has been sought on the basis of nuisance, and in others on the ground of negligence; yet the general conclusion reached under either theory has been a quite uniform line of holdings that, in the absence of a legal, affirmative act on the part of the municipality, authorizing such use of the streets, there is no liability. A critical review of the authorities is scarcely deemed necessary, in the light of the holdings of this court. It might be said, however, that a reference to the following cases from our sister jurisdictions confirms the position taken by this court: *Hill v. Board of Aldermen,* 72 N. C. 55 (21 Am. Rep. 451); *Gilchrist v. City of Charleston,* 115 S. C. 367 (105 S. E. 741); *Trower v. City of Louisiana,* 198 Mo. App. 352 (200 S. W. 763); *Bartlett v. Town of Clarksburg,* 45 W. Va. 393 (31 S. E. 918, 43 L. R. A. 295); *Fifield v. Common Council of City of Phoenix,* 4 Ariz. 283 (36 Pac. 916, 24 L. R. A. 430); *O'Rourke v. City of Sioux Falls,* 4 S. D. 47 (54 N. W. 1044, 19 L. R. A. 789).

This court had this question before it in three cases, the first being *Ball v. Town of Woodbine,* 61 Iowa 83, where it was held that the city was not liable.

It is insisted by appellant, however, that the *Ball* case was, in effect, overruled by the case of *Wheeler v. City of Fort Dodge,*

131 Iowa 566. The appellant's assertion in relation thereto is scarcely borne out by the *Wheeler* opinion, for in the latter opinion it is said:

"The conclusion as here reached is in no manner inconsistent with the decision in *Ball v. Woodbine,* 61 Iowa 83, where we held the city not liable for the act of its officers in discharging fireworks or failing to prevent such discharge, by which the plaintiff was injured. The essence of the complaint in that case was either the personal misconduct of certain persons who happened to be officers, or the failure of such officers to properly police the city; and for such failure the cases are quite uniform in holding the city not subject to a claim for damages."

In the case of *Remy v. City of Shenandoah,* 184 Iowa 1370, we again had this question before us, in a firecracker case under a set of circumstances practically identical with the present case. We there said that, although the use of the street for shooting firecrackers was with full knowledge and acquiescence of the officers of the city, and no effort was made by the city to suppress or prevent it, the city was not liable.

In the case of *Heller v. Town of Portsmouth,* 196 Iowa 104, we had before us the question of the celebration of Armistice Day. Certain parties were "shooting anvils," apparently with the approval of the mayor of the town. We there made a general review of all of the cases in this court touching this proposition, as we already had in the *Wheeler* case, and refused to recede from the doctrine of the *Ball* case,—again holding that there was no liability on the town.

Having so thoroughly committed ourselves to this doctrine, the court is not now disposed to recede therefrom; and in fact we see no logical reason for such recession. We are in line with the vast weight of authority, and we see no reason why the American citizen should be disturbed from evidencing his patriotism on such occasions by methods so currently in use since the early days of the history of this republic.

Our attention has been called to many cases in the elaborate and well prepared briefs of both parties, which have been very helpful to us in reaching this conclusion.—*Affirmed.*

Morling, C. J., and Evans, Stevens, Faville, De Graff, Kindig, Wagner, and Grimm, JJ., concur.