JAMES W. WILKINS *vs.* NATHANIEL M. JEWETT.

Suffolk.    Nov. 17, 18, 1884. — Feb. 28, 1885.    FIELD & COLBURN, JJ.,
                                  absent.

The Prov. St. of 1692–3 (5 W. & M.) *c.* 13, § 2, providing that any one building
   on his own land in Boston might set half his partition wall on his neighbor's
   land, and that the neighbor, when he should build, should pay for half of so
   much of the wall as he should build against, has never been in force in this
   Commonwealth.

MORTON, C. J.    This is an action to recover one half the
cost of a party wall.    In 1873, the plaintiff made an agreement
with one Matthews, who was then the owner of the equity of
redemption of the defendant's land, that the plaintiff might
place one half of the division wall of his house on the de-
fendant's lot; and that Matthews would pay one half of the
cost of the wall when he made use of it.

The defendant's title is under the foreclosure of a mortgage
existing at the time this agreement was made.    The mortgagee
was not a party to the agreement, and it is not contended that
the defendant is bound by it.    But the plaintiff contends that
the defendant is liable by virtue of the Prov. St. of 1692–3
(5 W. & M.) *c.* 13, entitled, "An act for building with stone
or brick in the town of Boston, and preventing fire."    1 Prov.
Laws (State ed.) 42.    This statute provided, in § 2, that "every
person building as aforesaid with brick or stone shall have lib-
erty to set half his partition wall in his neighbor's ground,
so that he leave toothing in the corners of such walls for his
neighbor to adjoin unto, who, when he shall build, such neigh-
bor adjoining shall pay for one half of the said partition wall,
so far as it shall be built against.    And in case of any differ-
ence arising, the selectmen shall have power to appoint meet
persons to value the same or lay out the line between such
neighbors."

We are of opinion that this provision of the Provincial
Statutes was never in force in the Commonwealth of Massa-
chusetts.    The Constitution continued in force all laws adopted,
used, and approved in the Province, Colony, or State of Mas-
sachusetts Bay, and usually practised on in the courts of law,

until altered or repealed by the Legislature, " such parts only excepted as are repugnant to the rights and liberties contained in this Constitution." Const. Mass. c. 6, art. 6.

The provision in question undertakes to deal with private property, and to authorize one man to appropriate and use the property of another without his consent. It assumes to take private property without due process of law, and without compensation. It is repugnant to the fundamental principles declared in the Declaration of Rights, that the property of the subject shall not be appropriated, even for public use, without paying him a reasonable compensation therefor, and that he shall not be deprived of his property but by the judgment of his peers, or the law of the land; and that, in all controversies concerning property, he shall have a right to trial by jury. Declaration of Rights, arts. 10, 12, 15. *Morse* v. *Stocker*, 1 Allen, 150. *Forster* v. *Forster*, 129 Mass. 559.

Undoubtedly, the authority of the Legislature, in the exercise of the police power, is very broad. This power is founded upon the principle that any man may be reasonably restrained in the use of his property so as not to injure others. *Watertown* v. *Mayo*, 109 Mass. 315, 318. But it does not justify authorizing one man to appropriate and use the property of another without his consent and without adequate compensation.

It is a significant fact, that, since the adoption of the Constitution, no trace can be found of any legislative or judicial sanction of the provisions of the Provincial statute upon which the plaintiff relies. We think it has been regarded as repugnant to the principles of the Constitution, and as of no force. It follows that the plaintiff cannot maintain this action.

*Exceptions overruled.*

*J. D. Thomson*, for the plaintiff, cited *Quinn* v. *Morse*, 130 Mass. 317, 321.

*R. D. Smith & G. W. Estabrook*, for the defendant.