WILLIAM H. ALLEN vs. ROBERT D. EVANS & another.

Suffolk.    January 11, 1894. — June 19, 1894.

Present. FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Party Wall — Implied Contract.*

The original owner of two adjoining lots of land built houses thereon with a party wall between them, and afterwards sold the two houses to different purchasers, imposing no obligation upon either purchaser in respect to the party wall. A predecessor in title of the plaintiff, being the owner of one of the lots, strengthened the foundation, and built the party wall higher. The defendant, owning the adjoining lot, built his house higher, and used the wall so built by the plaintiff's predecessor in title. After this had been done the plaintiff bought his lot, and sought to make the defendant pay for such use of the wall. *Held,* that in the absence of a stipulation or agreement that such payment should be made a contract therefor could not be implied, and that the defendant had a right to use so much of the party wall as stood upon his own land without paying for such use.

CONTRACT, to recover for the use of a party wall.    Writ dated February 16, 1892.

The first count of the declaration alleged that prior to 1822 Samuel G. Perkins, who was the owner of two adjoining lots of land on Bedford Street in the city of Boston, built houses thereon with a party wall between them ; that he afterward sold them to different purchasers, in each deed the boundary line between the houses being described as " a line running through the middle of said partition wall " ; that in 1870 one of the lots was conveyed to the Union Institution for Savings, which at its own expense strengthened the foundation and built the party wall higher ; that in 1871 the other lot was conveyed to the defendants, who built their house higher, and used the wall so built by the Union

Institution for Savings; that in 1886 the Union Institution for Savings conveyed its lot to the plaintiff; that the defendants have continued to use the party wall in the manner described, and have never paid for such use, wherefore they owe the plaintiff for the value of such addition. The second count was for a further use of the addition to the party wall made since the plaintiff became the owner of his lot.

The defendants demurred to the declaration, and assigned as grounds of the demurrer, that the plaintiff had not stated a cause of action, and that the plaintiff had not set forth any contract between himself and the defendant.

The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

The case was argued at the bar in January, 1894, and afterwards was submitted on the briefs to all the judges.

*R. S. Gorham*, for the plaintiff.

*G. L. Huntress*, (*H. Albers* with him,) for the defendants.

ALLEN, J. The original owner of two adjoining lots built houses thereon with a party wall between them, and afterwards sold the two houses to different purchasers, imposing no obligation upon either purchaser in respect to the party wall. A predecessor in title of the plaintiff, being the owner of one of the lots, strengthened the foundation and built the party wall higher. The defendants, owning the adjoining lot, built their house higher, and used the wall so built by the plaintiff's predecessor in title. After this had been done, the plaintiff bought his lot and now seeks to make the defendants pay for using the wall. There was no stipulation or agreement in any form that such payment should be made, and there is no implied contract to pay for such use of a party wall. The defendants had a right to use so much of the party wall as stood upon their own land in the manner in which they did use it, without paying anything for such use. *Wilkins* v. *Jewett*, 139 Mass. 29. *Joy* v. *Boston Penny Savings Bank*, 115 Mass. 60. *Brooks* v. *Curtis*, 50 N. Y. 639. The case is to be distinguished from those in which there was an agreement or stipulation for payment, like *Maine* v. *Cumston*, 98 Mass. 317; *Standish* v. *Lawrence*, 111 Mass. 111; and *Richardson* v. *Tobey*, 121 Mass. 457.

*Judgment for the defendants affirmed.*