G. W. WARD v. ELIZABETH CITY.

*Municipal Corporation—Repeal of Charter—Legislative
Office—Abolition of Office—Officer—Hold-over—Right
to Salary.*

1. The General Assembly may, at its discretion, abolish municipal as well
   as other corporations.
2. One who accepts an office created by legislative enactment takes it with
   notice of the power of the Legislature to abolish it and subject to all
   the provisions of the Act creating the office.
3. The charter of a town provided for the election of a City Attorney who
   should hold office for one year and until his successor should qualify.
   W. was elected for one year on May 7, 1894. The General Assem-
   bly of 1895 repealed the existing charter and enacted a new charter
   designating different town limits, adding new territory and popu-
   lation and making other substantial changes and providing for the
   election of a City Attorney. The Commissioners elected under the
   new charter at their first meeting in June, 1895, abolished the office
   of City Attorney and in May, 1896, recreated the office and elected an
   incumbent other than W. W, whose salary was paid to May, 1895,
   and who entered no protest to the abolition of the office and render-
   ed no services thereafter, sued for the salary for a year ending May,
   1896, upon the ground that he was entitled to the office and emolu-
   ments as a hold-over until his successor was elected and qualified
   which was not done until May, 1896. Held: that the corporation, of

121—1

WARD *v.* ELIZABETH CITY.

which W. was an officer, having been abolished, he had no right, as a hold-over, to the salary of the office in the substantially different corporation, and if he had had any such rights his abandonment of the functions of the office, without protest, was a surrender of his claims.

CIVIL ACTION tried at July, 1897, Special Term of PAS-QUOTANK Superior Court before *Greene, J.,* and a jury, upon an appeal from the Court of a Justice of the Peace. There was a verdict for the defendant and from the judgment thereon the plaintiff appealed.

*Mr. E. F. Aydlett,* for plaintiff, (appellant).
*Mr. Issac M. Meekins,* for defendant.

CLARK, J.: The charter of Elizabeth City, Chapter 126, Private Laws, 1889, provided (Section 12) among the officers to be elected by the Board of Commissioners "a City Attorney who shall hold office one year and until his successor qualify." The plaintiff was elected City Attorney for one year at the meeting of the Board, May 7th, 1894.

By Chapter 85, Private Laws, 1895, the charter of Elizabeth City was repealed and a new charter, with different town limits adding 1,000 population and making other substantial changes, was enacted. Section 19 thereof provides for the election of sundry officers by the board, among them a City Attorney. The Board elected under the new charter met on June 3, 1895, and passed a resolution abolishing the office of City Attorney. The plaintiff was paid up to that date. No City Attorney was elected till May, 1896. The plaintiff rendered no services as City Attorney after the action of the Board in June, 1895. He began this action on the 7th of May, 1897, to recover his salary from June, 1895, till May, 1896, ($45.83) upon the ground that, though the term of one year for which he was elected had expired, he was further entitled to hold "till his successor was qualified" and as no successor was elected and qualified till May, 1896,

he was entitled to draw his salary till that date. This contention overlooks the fact that the corporation for which he was elected was absolutely abolished by the Legislature. The Legislature at its discretion can abolish Counties, *Mills* v. *Williams*, 33 N. C., 558, and of course cities and towns, *Lilly* v. *Taylor*, 88 N. C., 489, *Merriwether* v. *Garrett*, 102 U. S., 472; and also all other corporations, Const. Art. VII, Sec. 12 and Art. VIII, Sec. 1, since they are all alike creatures of its will, and exist only at its pleasure. The destruction of the corporation destroyed the "hold-over" incident of the plaintiff's office just as fully as it would have destroyed the body of his office, if his term had not expired. The City Attorney authorized for the new corporation is an entirely distinct office from, and is not a continuation of, the office of City Attorney of the corporation which was extinguished by the Act of the Legislature. This case differs from *Wood* v. *Bellamy*, 120 N. C., 212, in that, there, the new charter was so nearly a repetition of the old one that it was held to be merely an amendment of the former one, not a destruction of it, and hence the offices under such charter were not vacated. Every one who accepts an office created by legislative enactment takes it with notice that the Legislature has power to abolish his office and is fixed with acceptance of all provisions in the Act creating the office. *McDonald* v. *Morrow*, 119 N. C., 666 (top of page 677). The only restriction upon the legislative power is that after the officer has accepted office upon the terms specified in the Act creating the office, this being a contract between him and the State, the Legislature cannot turn him out by an Act purporting to abolish the office but which in effect continues the same office in existence. This is on the ground that an office is a contract between the officer and the State, as was held in *Hoke* v. *Henderson*, 15 N. C., 1, and has ever since been followed in North Carolina down to and including *Wood*

v. *Bellamy, supra,* though this State is the only one of the 45 States of the Union which sustains that doctrine. *Mechem on Public Officers,* Sec. 463.    In the other States, it is held that public office is not a contract but that the officer is an agent of the government, and being the mere creation of law is (except as to offices created by the Constitution) not protected by the terms of the statute creating the office, 19 *Am. and Eng. Enc.* 562 c.    Even under our decisions, the plaintiff who was City Attorney under an abolished corporation has no claim to the salary of City Attorney in a substantially different corporation created by the General Assembly, though it embraces the whole of the territory and population contained in the former corporation, much more being added to the new corporation.

We believe this is the first time it has been attempted to extend the doctrine of *Hoke* v. *Henderson* to "hold-overs." Their right is not a part of the term of office but a constructive addition thereto.    Besides, the plaintiff abandoned his functions after the new Board took charge, and rendered no service thereafter, and entered no protest.    This was a surrender of his rights, if he had had any, and on that ground also this action could not be maintained.    *Williams* v. *Somers,* 18 N. C., 61.

No error.