State *ex rel* R. S. McCALL v. CHARLES A. WEBB.

(Decided November 21, 1899.)

*Quo Warranto—Solicitor—Title to Office Buncombe County.*

1. The Criminal Court of Buncombe County was not abolished by the legislation of 1899, and the right of the Solicitor to his office was unaffected by it. *Wilson v. Jordan*, 124 N. C., 686.
2. Title to office rests upon legal right, and not upon estoppel.
3. The Constitution, Art. IV, sec. 12, provides for the establishment of inferior courts by the Legislature; the acts passed for such purpose must not interfere with vested rights, or the constitutional rights of other parties.
4. The holder of a public office, to which is attached salary, or fees, has a property, a vested right in the office. *Hoke v. Henderson*, 15 N. C., 1; *Abbott v. Beddingfield*, at present term.

CIVIL ACTION in the nature of *quo warranto*, heard upon the pleadings by *Coble, J.*, at August Term, 1899, of the Superior Court of BUNCOMBE County, for the recovery of the office of Solicitor of the Criminal Court of Buncombe County.

The plaintiff in his complaint alleged, that under and by virtue of an Act of 1895, chap. 75, to establish a Criminal Circuit to be composed of the counties of Buncombe, Madison, Haywood and Henderson, an election was held in November, 1896, at which he was duly elected Solicitor of said Criminal Courts, and qualified accordingly, on January 1, 1897, for the term of four years. The county of McDowell was subsequently added, by the Act of 1897, chap. 7.

That the defendant, claiming to be authorized by various acts of the Legislature of 1899, viz., Act 27th February, Act 3rd March, Act 6th March, and under the appointment of the Judge, had unlawfully entered upon and deprived him of his office.

The defendant, in his answer, alleges that he is rightfully in possession of the office of Solicitor by virtue of the Acts of 1899, referred to in complaint, and by appointment of the Judge made in pursuance thereof.

Both parties moved for judgment upon the pleadings. Judgment was rendered in favor of plaintiff. Defendant appealed.

*Messrs. F. A. Sondley, T. N. Cobb* and *Charles A. Moore,* for appellant.

*Messrs. V. S. Lusk* and *Frank Carter,* for appellee.

FURCHES, J., writes the opinion of the Court.

CLARK, J., writes dissenting opinion.

FURCHES, J.   This is an action in the nature of *quo warranto* by the plaintiff against the defendant for the office of Solicitor of the Criminal Court of Buncombe County.   It is admitted that plaintiff was duly elected to the office of Solicitor of this court in November, 1896, "for a term of four years and until his successor was elected and qualified." That he was duly commissioned, qualified and inducted into said office of Solicitor of Buncombe County on the first of January, 1897, for a term of four years, thence next ensuing, which term has not expired.

Notwithstanding these facts, plaintiff alleges that the defendant, Webb, has unlawfully obtruded himself into said office and by and with the recognition of the Judge of said court, has ousted the plaintiff of his said office; and that defendant now unlawfully holds and exercises the duties of said office, and is unlawfully receiving the fees and emoluments thereof.

The defendant admits that he has entered upon and holds the office of Solicitor of the Criminal Court of Buncombe

McCall v. Webb.

County, but he denies that he unlawfully entered into said office, or that he ousted the relator from the office he holds, or that he now unlawfully holds the same.   But on the contrary, the defendant alleges that the General Assembly of 1899, by chaps. 293, 371 and 520, "abolished" the Criminal Court of Buncombe County, established by the Act of 1895, chap. 75, to which the relator of the plaintiff was so elected, qualified and inducted into.   And by these Acts of 1899, the Legislature established the Criminal Court of Buncombe County, of which he is Solicitor; that said acts provide that the Judge of said court shall appoint a Solicitor thereof, and that the Judge, exercising the power so vested in him, appointed the defendant Solicitor thereof; that he was duly inducted into said office under and by virtue of said appointment, and that he now holds and exercises the duties and functions thereof, receiving the fees and emoluments of said office, as he of right may do.

This presents the question as to whether or not the office the defendant holds is the same as that the plaintiff held, as Solicitor of the Criminal Court of Buncombe County.   If it is, the plaintiff is entitled to the relief he demands; if it is not, he is not entitled to this relief, and the defendant will hold the office.

This question, as to whether it is the same office or not, depends upon the question as to whether the Criminal Court of Buncombe was "abolished" by the Legislature of 1899, (acts above referred to).

This very question has been so recently and so fully considered by this Court, that we do not feel called on to enter upon a discussion of this matter again in this case.   *Wilson v. Jordan,* 124 N. C., 686.   According to the decision in that case, the Criminal Court of Buncombe County was not "abolished," and the office the defendant admits he is in possession of and

McCALL *v.* WEBB.

holding, is the same office that the plaintiff was elected to, and was holding before the defendant wrongfully took possession thereof.    This entitles the plaintiff to the relief demanded in his complaint, unless the defendant has shown other reasons why he is not entitled to judgment.    This   the   defendant undertakes to do by showing that the Act of 1895 is unconstitutional *in toto,* and absolutely null and void; and that as the act is void *in toto,*there is no office for the plaintiff to hold. And of course if the Act of 1895 is void, for the same reason the Act of 1899 is also void.    The defendant further alleges that the plaintiff must recover, if recover he does, on the strength of his own title and not on the weakness or want of title in the defendant.

The plaintiff says that it would be unconscionable in the defendant to set up such a defense as this, when he is in possession of the very office he says does not exist, and is receiving fees and emoluments of the same; and that he is thereby estopped to set up this defense.    But however inconsistent it may seem for the defendant to claim and hold, and receive the fees and emoluments of an office that he claims does not in law exist, we are of the opinion that there is no *legal* reason why he may not if he chooses to do so.    But we see no ground or reason for the application of the doctrine of estoppel in this case.    The plaintiff's right to the office does not depend upon the doctrine of estoppel, nor does it enter into the defense of the defendant.

The plaintiff claims the office upon the facts agreed and the law arising thereon, as declared in a great number of cases by this Court.

The defendant's contention would be correct if the Act of 1895 and the Acts of 1899 were, as he contends they are, absolutely void, because, as he contends, there would be no such office as that of Solicitor of the Criminal Court of Buncombe

County. And while these acts are unconstitutional in many respects, some of which were pointed out in the opinion in *Wilson v. Jordan, supra,* we are not prepared to say that the whole of these acts are unconstitutional and *void.* These unconstitutional provisions can not be enforced, if the parties affected by them make proper and timely objection to their enforcement. It is to be presumed that the officers, entrusted with the enforcement of the law and who have taken oaths to observe and support the Constitution of the State, will not attempt to enforce the unconstitutional provisions of these acts after they have been pointed out by the Supreme Court of the State. But, if they should attempt to do so, such action can only be corrected in the manner we have pointed out.

While courts of the style of this Criminal Court are not favorites of this Court, as shown in the opinion of *Rhyne v. Lipscombe,* 122 N. C., 655, yet the Constitution of the State, Art. IV, sec. 12, provides for the establishment of inferior courts by the Legislature. This being so, the acts passed by the Legislature establishing these inferior courts only become unconstitutional when they interfere with vested rights, or come in conflict with the constitutional rights of other parties, or other constitutional jurisdictions.

In this case they are unconstitutional because they interfere with the vested rights of the plaintiff. They undertake to take from him his property and to give it to the defendant. If the plaintiff had no vested right of property in the office of Solicitor, the act authorizing the appointment of the defendant to the office of Solicitor of the Criminal Court of Buncombe County would not be unconstitutional.

If the law remains unrepealed until the term of the plaintiff expires, it will then not be unconstitutional for the Judge of the Criminal Court of Buncombe County to appoint the

defendant or someone else Solicitor of that court.   The Legislature has the constitutional authority to establish inferior courts, and we do not feel authorized to declare the whole act unconstitutional because it is unconstitutional as affecting the plaintiff's constitutional rights, and as it may affect the constitutional rights of others, in its enforcement.

It has been held from *Hoke v. Henderson,* 15 N. C., 1, down to *Wood v. Bellamy, Day v. State's Prison,* and *Abbott v. Beddingfield,* at this term, that the holder of a public office, to which there are salaries or fees attached, has a property, a vested right, to the office.   And it is admitted that the office of Solicitor of the Criminal Court of Buncombe County is a public office with fees and emoluments attached or incident thereto.

It is therefore our opinion that the plaintiff is entitled to the relief demanded in this complaint, and that he is entitled to hold and to exercise the functions of this office and to receive the fees and emoluments of the same, and that the defendant, Webb, is not entitled thereto.   Let the writ issue:

Affirmed.

CLARK, J., dissenting.   In addition to the reasons given in the dissenting opinion in *Abbott v. Beddingfield,* at this term, there is a precedent in respect to this new court.   In 1895, the Legislature enlarged the two Criminal Court Districts, and, during the term of the Judges of those districts, elected others in their stead.   The new judgeships were the same, unless the enlargement of the districts made them new offices. If they were the same offices, then under *Hoke v. Henderson,* 15 N. C., 1, Judge Meares and Judge Jones were entitled to serve out their terms in the new district.   So well settled, however, was the doctrine that an enlargement was a novation (*Ward v. Elizabeth City,* 121 N. C., 1), that no such claim was made.

This Court ousted Judge Jones and seated Judge Ewart long before Judge Jones's term had expired. *Ewart v. Jones,* 116 N. C., 570. And the Court decided for Judge Meares, not on this ground, but because Mr. Cook had been elected prematurely; that such an election was void; that there was a vacancy, and that the Governor had filled this vacancy by the appointment of Judge Meares to hold until the next election. *Cook v. Meares,* 116 N. C., 582.

In fact, unless an enlargement is a novation, both Judge Battle and Judge Stevens are now holding offices which of right are the property of Judges Jones and Meares. And Judge Sutton and Judge Ewart never had any right to the offices they held for years.

It has been urged that this point was not made in those cases. That is itself a strong argument for the defendant. If two Judges, both able lawyers, represented by able lawyers, endeavoring to hold their judgeships, never thought to have made this argument, there is a strong presumption against the validity of the argument. If the defendants and their counsel had forgotten to make the argument, this Court could nevertheless have held *ex mero motu* that the Judges of the old were the Judges of the new districts.