McCALL v. GARDNER—No. 2.

State *ex rel.* R. S. McCALL, Appellant, v. G. E. GARDNER *et al.*

*Mr. Frank Carter,* for appellant.

No counsel for appellee.

FURCHES, J.   This appeal relates to the defendant Eaves only, and the facts as to him are substantially the same as those in *McCall v. Webb,* at this term.   This case is therefore governed by the opinion in that case, and the judgment of the court below is

Affirmed.

CLARK, J., concurs in the decision upon the point presented by the appeal and for the reasons given, but is not to be understood as expressing any opinion upon the matters stated therein to be outside the present litigation.   The plaintiff recovered (125 N. C., 243), upon the ground that this office was his private property, and that by the Act of 1899, which put the defendant in office, the State had broken or attempted to break its contract.   It would not seem that the State was "interested" in having this action brought to declare it had

violated its contract. It is not a public question in that aspect, but a private action by the plaintiff to assert his property rights. It is otherwise where a *quo warranto* is brought merely to determine who is properly elected or appointed or entitled under proper construction of a statute, which is not sought to be set aside by the action as a breach of contract by the State. If office is a public agency and not a "contract" then the State *is* "interested in having its public offices filled by its proper officers," but that interest must be and has been shown through the Legislature which alone can create or abolish offices, not established by the Constitution, and which alone can prescribe how they shall be filled. This can not be done by decree of court unless there is private property in office, and in that case the State has, as between the parties, no more interest than in any other action over any other private right arising upon contract.