Schmidt v. Lewis.

---

JOHN N. SCHMIDT

*v.*

SOLOMON LEWIS et al.

[Filed June 3d, 1902.]

1. The revised city charter of Camden, approved February 14th, 1871 (section 35), prescribing the minimum thickness of party walls, gives the common council no authority to enact an ordinance permitting a lot owner to build a wall partly on the land of an adjoining owner without his consent.

Schmidt *v.* Lewis.

2. Where a.revised charter omitted the provisions of the prior charter, which authorized an ordinance to permit a party wall to be built partly on the land of an adjoining owner without his consent, such an ordinance, existing at the time of the revision, is annulled by the adoption of the revised charter.

3. Where an ordinance authorizing a party wall to be built partly on the land of an adjoining owner without his consent also provides that no person shall lay the foundations of any party wall without first applying to the city surveyor to set out and regulate the construction, such application must be made before the wall can be built.

4. Where complainant built partly on defendant's land, he was not thereby estopped from objecting to defendant's extending the wall the entire length of the lot.

*Mr. Ralph W. E. Donges,* for the complainant.

*Mr. Henry Hollingshed, Jr.,* for the defendants.

REED, V. C.

The bill is filed to enjoin the erection of a wall, in the city of Camden, partly upon the land of the complainant.

It is admitted that the proposed structure will be a wall nine inches thick, with from four to four and one-half inches upon the land of the complainant. The right to so place the wall of the proposed building is asserted upon the ground that the wall is to be a party wall.

*First,* assuming that the right to impose a portion of a building upon the land of another is authorized by legislation, I yet entirely concur in the views expressed by Vice-Chancellor Pitney in respect to the constitutional invalidity of. such legislation. *Traute* v. *White, 1 Dick. Ch. Rep. 437.* Nevertheless, in view of the opinion expressed in *Hunt* v. *Ambruster, 2 C. E. Gr. 208,* and the contrariety of opinion expressed elsewhere in the cases of *Swift* v. *Callanhan, 37 Law Rep. 462, annot.,* and *Wilkins* v. *Jewett, 139 Mass. 29,* and *Allen* v. *Evans, 161 Mass. 485,* I would not advise a preliminary injunction to arrest the erection of a building authorized by legislation.

*Second,* there seems to be no legislative authorization of such structures in the city of Camden. The ordinance of June 6th,

1850, undoubtedly, in express terms, recognizes the right to impose a part of such wall upon neighboring lots.

At the time of the passage of that ordinance, and at the time of the decision of the case of *Hunt* v. *Ambruster, supra,* the charter of Camden, in its eighteenth section, provided that it should be lawful for the city council to pass ordinances, *inter alia,* for authorizing the erection and building of partition or party walls and fences, and to regulate and govern the same. That language, however, seems to be absent from the present revised charter of the city of Camden, approved February 14th, 1871. The only provisions in the present charter respecting the matter of party walls is to be found in the thirty-fifth section, which confers upon the common council the right to prescribe the character and stability of all buildings to be hereafter erected, to direct the depth of foundation, thickness and materials used in the construction of the walls thereof, and regulate all such other matters as shall be deemed necessary to be observed in the construction of buildings, to protect and insure the health and safety of the citizens; provided, that no party wall shall be less than nine inches in thickness.

It is perceived that this section contains no authority, by ordinance, to impose a servitude by one owner upon the land of his neighbor, but only provides for a police regulation in respect to the walls that may be built, by agreement or otherwise, as party walls.

This section, in my judgment, confers no authority upon the common council to pass an ordinance of the character of that of June 6th, 1850.

Upon the adoption of the revised charter, therefore, that ordinance, in so far as its provisions exceeded the authority conferred upon the common council, was annulled.

In my judgment there is no authority in the city of Camden, existing in any landowner, unless by agreement, to occupy any portion of the land of another for the erection of an outer wall for any building.

But *third,* if the ordinance is valid, it does not appear that the defendants have conformed to its provisions, for the first

section provides that no person shall lay the foundation of any party wall within the city of Camden without first applying to the city surveyor to set out and regulate the construction of such foundation and party wall.

I remark, further, that if authority is rested upon the provisions of section 203 of the Book of Rules and Regulations submitted to me, it is to be observed that such section contains no authority to build a party wall, but is only regulative of party walls. By its terms no party wall can be built—that is, walls legally built by agreement—unless they are built according to the rules and regulations so established as a police regulation.

Nor do I find anything in the conduct of the complainant that has estopped him from asserting his right to retain the entire area of his lot, unburdened from this proposed structure. The fact that he himself built his building partly upon the land of the defendant, which wall the defendant used, cannot estop him from denying the right of the defendant to extend the wall the entire length of the lot. By building his house as he did, he undoubtedly gave the right of the adjoining owner to use the one-half of his wall, but he gave him no right to trespass upon any other portion of his lot.

The order to show cause should be made absolute and the injunction allowed.