[No. 9825.    Department One.    February 16, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Frank Rose,*
*Appellant,* v. W. J. HINDLEY, *as Mayor of the City of*
*Spokane et al., Respondents.*[1]

MUNICIPAL CORPORATIONS — CHARTERS — ORDINANCES—IMPLIED RE-
PEAL—OFFICERS.  A new city charter, purporting to be the entire
organic law of the city, which provides that every ordinance in force
at the time of its adoption not inconsistent with the charter shall
continue in force until amended or repealed, and that employees
within the scope thereof in office at the time of its adoption shall
retain their positions, does not continue the office of city bacteri-
ologist, provided for pursuant to provisions of the old charter estab-
lishing a board of health, where the new charter makes no provision
for such office or for any board of health, but leaves that subject to
be regulated by the general laws in force applicable to all cities
whose charters make no special provisions for boards of health;
since the new charter is in no sense an amendment of the old, which
is effectually repealed, even though there is no express repealing
clause.

MUNICIPAL CORPORATIONS—OFFICERS—RIGHT TO OFFICE—ESTOPPEL
TO QUESTION RIGHT.  Upon a proceeding against a city for reinstate-
ment to an office that had been abolished by city charter, it is im-
material that another person had been employed to fill the same
position (DUNBAR, C. J., and GOSE, J., dissenting).

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered August 30, 1911, upon
sustaining a demurrer to a complaint, dismissing an action
for a writ of mandamus.    Affirmed.

[1]Reported in 121 Pac. 447.

*Skuse & Morrill,* for appellant.

*Wm. E. Richardson* and *A. M. Craven,* for respondent Hindley and City of Spokane.

*Burcham & Blair,* for respondent Hinman.

PARKER, J.—The relator, Frank Rose, commenced this action in the superior court for Spokane county to compel his reinstatement in the employ of the city as a bacteriologist, from which employment he claims to have been unlawfully dismissed by the mayor. Upon the sustaining of demurrers to the relator's complaint, he elected to stand thereon and not plead further, when judgment was rendered against him denying the relief he prayed for. He thereupon appealed to this court.

In 1893 the legislature passed an act providing for the creation of city boards of health, in all cities and towns of the state, to consist of the members of the respective city and town councils or of such persons as they might appoint wholly or partially from their own members. These boards are to perform such duties as are specified in the act and such as are prescribed by other state laws relating to boards of health. They are also to appoint a health officer for their respective cities or towns, whose duties are prescribed by the act. While this is a general law applicable to all cities and towns, it is provided therein that the provisions thereof are not to apply to any city in which a board of health is organized and a health officer appointed under the provisions of a special charter. This would leave cities of the first class free to regulate the organization of their boards of health by their own freehold charters, if they choose to do so. This law is still in force. Rem. & Bal. Code, §§ 5535-5540. Prior to December, 1910, the special freehold charter of the city of Spokane provided for the organization of a board of health for the city, and gave the city council power to pass ordinances to carry out the provisions of the charter relating to that subject. In February, 1910, in pursuance of that

charter provision, the city council passed an ordinance providing for employees of the health department of the city, and fixing their salaries; providing therein, among other things, for appointment by the board of health, subject to confirmation of the council, of a bacteriologist at a salary of $75 per month, and defining his duties. The relator was thereupon appointed to that position by the board, and entered upon the discharge of his duties. Thereafter, in December, 1910, the city, by vote of its people, adopted a new charter which had shortly prior thereto been prepared and proposed by fifteen freeholders of the city elected for that purpose, in pursuance of art. 11, § 10, of the state constitution. This new charter purports to be the entire organic law of the city. It contains no provision whatever relating to boards of health, nor does it provide for the exercise of any powers by any of the city departments or boards of the nature of those pertaining to boards of health. Upon the new charter becoming effective as the organic law of the city, the mayor notified the relator that his services as bacteriologist were at an end. Since then he has been excluded from that employment and refused compensation therefor. His dismissal in this manner was made without any cause being assigned therefor and without any hearing being awarded him.

The relator rests his right of reinstatement upon certain provisions of the new charter which he insists continues the position of bacteriologist, and also continues his employment in that position, until removed for cause. One of the provisions so relied upon is as follows:

"Every ordinance and resolution in force at the time of the adoption of this charter, except in so far as it is inconsistent with this charter, shall continue in force, until amended or repealed."

Another of the provisions relied upon is contained in the article relating to civil service, and is as follows:

"Section 53. . . . Employees within the scope of this

article who are in office at the time of the adoption of this charter shall retain their positions, unless removed for cause. . . ."

We find no provisions in the new charter furnishing any more substantial support to appellant's contentions than these two. As to the first quoted provision, it seems inconceivable that an ordinance providing for employees of a department which has no existence under the new charter, can be considered as continuing in force by virtue of this provision. Clearly it is not consistent with any provision of that charter. It provides for something that has been in effect dispensed with by the new charter. The new charter being silent upon that subject, that function of government is thereby left to be controlled by the general state law which we have noticed. The provision contained in the civil service article in the new charter, is, if possible, of even less aid to the relator in his contentions, for clearly an employment in the department of the city government which has ceased to exist under the new charter, cannot be within the scope of the civil service article in that charter so as to continue such position in existence. The civil service article manifestly only relates to such positions existing under the old charter as continue to exist under the new charter. The position of bacteriologist is clearly not one of such positions. This court has many times noticed and followed the rule that a new law purporting to be the whole law upon the subject-matter of which it relates repeals a former general law on that subject, even though the new law contains no express repealing clause. *State v. Carbon Hill Coal Co.,* 4 Wash. 422, 30 Pac. 728; *Mansfield v. First Nat. Bank,* 5 Wash. 665, 32 Pac. 789, 999; *Leavitt v. Chambers,* 16 Wash. 353, 47 Pac. 755; *Nelson v. Nelson Bennett Co.,* 31 Wash. 116, 71 Pac. 749; *State ex. rel. Hammond v. Ross,* 39 Wash. 233, 81 Pac. 725; *Bradley Eng. & Mach. Co. v. Muzzy,* 54 Wash. 227, 103 Pac. 37.

It follows that, since the new charter was adopted as a

new and complete charter, and in no sense as an amendment of the old one, it thereby became the entire organic law of the city, and all the provisions of the old charter were thereby effectually repealed, although we do not find in the new charter any express repealing language directed against the old charter.    As bearing more directly upon the contentions of appellant, and in support of the view that the position into which he seeks to be reinstated ceased to exist upon the adoption of the new charter, the following authorities may be noted:    *People v. Blair*, 82 Ill. App. 570; *Ward v. Elizabeth City*, 121 N. C. 1, 27 S. E. 993; *Butner v. Boifeuillet*, 100 Ga. 743, 28 S. E. 464; *State ex rel. Reiley v. Chatfield*, 71 Conn. 104, 40 Atl. 922; *Schmidt v. Lewis*, 63 N. J. Eq. 565, 52 Atl. 707.

Frank Hinman was made a defendant by the relator, and it is alleged in substance, that Hinman is now employed by the city as a bacteriologist; the object of the action being to cause his removal from that employment as well as the reinstatement of the relator therein.    It is not alleged, however, by what authority Hinman was so employed.    However, we need not inquire as to the legality of his employment.    It might be argued that we must presume that he is employed by the board of health as organized under the general law. This, however, is of no moment in our present inquiry.    Since we conclude that there does not now exist any board of health for the city of Spokane under its existing charter provisions, the relator can have no employment under such a board, since all charter provisions and ordinances relating thereto are abrogated by the adoption of the new charter, and that subject is now controlled by the general state law.

The judgment of the learned trial court is affirmed.

MOUNT and FULLERTON, JJ., concur.

GOSE, J. (dissenting)—The employment of the respondent Hinman as a bacteriologist to succeed the relator, in my opinion, precludes the respondents from asserting that the

office does not exist under the new charter. I therefore dissent.

DUNBAR, C. J., concurs with GOSE, J.