E. M. LONG, *Appellee*, v. E. L. SMYRE, *Appellant*.

No. 17,643.

### SYLLABUS BY THE COURT.

1. "PARTY WALL"—*No. Contract—Title Thereto.* About twenty years before the commencement of this action M. owned lot 10 of block 45, in the city of Greensburg, Kan., and S. owned lot 9, adjoining on the north. M. erected a stone building on his property and, with the consent of S. but without any contract that S. should in any event pay anything therefor, placed the north wall about one-half on lot 10 and one-half on lot 9. Through mesne conveyances appellee, before the commencement of this action, acquired title to lot 9, and appellant to lot 10. Appellee, at the time he bought lot 9, knew that the wall stood partly on that lot, and neither he nor his grantors have paid anything therefor. *Held*, that by the conveyance from the owner thereof appellee acquired the title and right of possession to lot 9 to the south line thereof, including the portion of the wall standing thereon.

2. ——— *Same.* Under the undisputed facts of this case, each party owns the wall in question, in severalty, to the common line between the respective lots.

Appeal from Kiowa district court. Opinion filed May 11, 1912. Affirmed.

*Frank L. Martin,* and *John D. Beck,* for the appellant.

*L. M. Day,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: There is no conflicting evidence in the case, and nearly all the facts are agreed upon. In 1887 Dr. C. W. Myers owned lots 10, 11, and part of lot 12, of block 45, in the original town of Greensburg, Kiowa county, Kansas, and Capt. S. B. Sproule owned lot 9, adjacent to lot 10 on the north thereof. Doctor Myers in that year erected a brick building on his property, and placed the north wall of it upon the line between lots 9 and 10, about equally on each side of the line, so that it might be used sometime as a party wall. Captain Sproule knew of the placing of the wall on the line and gave permission therefor, and Doctor Myers intended that if Sproule should build on his lot he could use the wall for a partition wall by paying whatever they could agree upon. Myers, as he says, without any contract, trusted Sproule to do what was right in the matter. Sproule never built on lot 9, and both properties afterward changed hands, and by mesne conveyances the Myers property came to the ownership of the appellant and the appellee became the owner of lot 9. The appellee knew that the wall was located partly on lot 9 when he bought it, and it is conceded that he intended to use the wall as part support for a building which he was about to erect on his lot.

The appellant contends that by his consent to the erection of the wall in the manner in which it was erected, Sproule granted to Doctor Myers an easement over so much of his land as supported the wall, and that subsequent owners of lot 9, and especially the appellee, as he admits he measured and knew the wall was partly on his lot, must take notice thereof; that the wall standing partly on his land put him upon inquiry to ascertain whether any of his grantors had paid for it, and, as it had not been paid for, that he was in equity bound to pay to the appellant a share of the cost of building the wall, proportioned to the use to be made

of it; that although the wall is partly upon lot 9, he, the appellant, owns the entire wall.

We have not found and have not been cited to any case where the nonbuilder was held to contribute to the erection of a party wall in the absence of any agreement or contract so to do. The appellant contends that *Zeininger v. Schnitzler*, 48 Kan. 63, 28 Pac. 1007, is such a case. While the statement in that case embodies two instructions authorizing a finding for the builder, which contain no reference to a contract to pay, both the syllabus and the opinion specify that the nonbuilder orally agreed to pay one-half the expense of the wall. Of course, in states which have a statute which authorizes the owner of an adjacent lot to place a wall upon the line, partly upon his own lot and partly upon the adjoining lot, and imposes upon the nonbuilder an obligation to contribute to the expense of building the wall when he uses it, it is held that when the nonbuilder uses the wall he is required to contribute, regardless of a contract. The constitutionality of such statutes has been questioned, but they are enforced in some states, especially when the nonbuilder was present and saw that the wall was being erected partly on his premises and made no objection thereto.

In 22 A. & E. Encycl. of L. 256, it is said:

"Where a party wall is erected by one of two adjoining owners under an agreement by the other that he will pay the builder one-half of the value thereof whenever he or his assigns shall use it, the right to contribution is personal to the builder and can not be enforced by his grantee. If the promise is to pay to the builder or his assigns, or if equivalent language is used, the grantee of the builder is the person entitled to enforce contribution where a use is made subsequently to his acquisition of title."

Either branch of this proposition would exclude the appellant's claim. The latter imposes a contract running with the land, such as was involved in *Southworth v. Perring*, 71 Kan. 755, 81 Pac. 481, in which case the

question is discussed at length, with numerous authorities, whether the contract is personal or runs with the land. The clear implication in that case is, although that question was not directly involved, that where the contract to contribute is personal, not running with the land, the grantee of the builder can not recover thereon. How, then, shall it be said that where there is no contract, as there was not in this case, that the assignee of the builder can recover from an assignee of the non-builder?

(For further pertinent authorities, see Note 3, 66 L. R. A. 673, 681; *Allen v. Evans,* 161 Mass. 485; *Antomarchi's Executor v. Russell,* 63 Ala. 356; Jones on Easements, § 648; 30 Cyc. 787.)

The appellant, however, contends that the appellee could not maintain his action in ejectment. The petition and the judgment, it is true, are in the form of ejectment, but in his answer the appellant claimed the entire ownership of the wall, and asked, in case the appellee recovered in the action, that he recover judgment for one-half the value thereof. The appellee conceded that the action was brought to determine his right to use the wall as a part of or in support of a building on his lot 9 which he intended to erect. The trial indicates that neither party understood that the action was for the purpose or that the judgment authorized the tearing down and removal of the wall or any part of it. Actions in the form of ejectment are frequently used for determining title as well as the right of possession. We think it was permissible to determine the rights of the parties in the wall in this action.

The appellee by his chain of title acquired lot 9 to the south line thereof, and the appellant by his chain of title acquired lot 10 to the north line thereof, and each respectively is the owner in severalty of the wall on his land to the dividing line, or as the wall was intended to be placed, each owned in severalty one-half thereof.

(22 A. & E. Encycl. of L. 239.)   The rights of the parties to the wall in question are the same as if the adjoining owners, at the time it was built, had erected the wall, each contributing to the expense thereof.

The judgment, under the facts of the case, accords with the law, and is affirmed.