[No. 10745.   Department One.   April 28, 1913.]

THE CITY OF SPOKANE, *Respondent*, v. CHARLES LEMON, *Appellant*.[1]

MUNICIPAL CORPORATIONS—ORDINANCES—TITLE—SUFFICIENCY.   An amendment setting out an ordinance in full is not an amendment by reference to the title merely, and the title is sufficient where it contains well chosen words suggestive of the subject treated without going into details.

MUNICIPAL CORPORATIONS—CHARTERS—ORDINANCES—REPEAL—SAVING CLAUSES.   Section 119, Spokane City Charter, saving ordinances in force at the time of its adoption, changing to a commission form of government, continues in force an ordinance regulating city stables, which provided for a hearing by the "board of public works," although the new charter abolished the board, since the new charter substituted the commissioner of public works for the board that was abolished.

MUNICIPAL CORPORATIONS — ORDINANCES — RETROACTIVE EFFECT—CRIMINAL PROSECUTION.   In a prosecution for violating an amended ordinance regulating the keeping of city stables, it is no defense that the act was not retroactive and could not affect defendant if he was using the stable prior to the enactment of the amendment, where it appears that he had been violating the original ordinance prior to its amendment, and continued to violate the amended ordinance for one month after its passage.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered May 23, 1912, upon a trial and conviction of keeping a stable without a license, in violation of a city ordinance.   Affirmed.

*B. M. Branford* and *John M. Gleeson*, for appellant.

*H. M. Stephens*, *Wm. E. Richardson*, and *Arthur L. Hooper*, for respondent.

MOUNT, J.—The defendant was convicted in the municipal court of the city of Spokane under a complaint charging him with a misdemeanor committed by using a building as a stable for more than four animals within the city without a permit therefor.   He appealed from the municipal court

[1]Reported in 131 Pac. 853.

to the superior court of Spokane county, where upon a trial before a jury he was again convicted. The superior court sentenced him to pay a fine of ten dollars and costs. He appeals from that judgment.

The appellant alleges here that the court erred in overruling his objection to any evidence being heard; in denying his motion for an instructed verdict and a motion for judgment *non obstante veredicto;* and in refusing to give certain instructions. The basis for the objection to the testimony and the motion for an instructed verdict and for judgment *non obstante* is the contention that the ordinance under which the defendant was prosecuted is void.

It appears that in the year 1909, the city of Spokane enacted an Ordinance, No. A-4,658, entitled. "An ordinance regulating the construction, enlargement, raising, alteration, repair, removal, maintenance, use, area, height, and equipment of buildings; regulating the character and use of materials in and for buildings; providing for the issuance of permits therefor, and for the condemnation of buildings dangerous to property or persons, within the limits of the city of Spokane; providing a penalty for violation thereof; and repealing all ordinances and parts of ordinances in conflict herewith." This ordinance contains 367 sections. Section 364, subdivision 1, of this ordinance provided:

"That no permit for the erection or alteration of a building to be used as a stable for more than five head of stock shall be issued unless the same be authorized by the board of public works after a hearing as hereinafter provided."

The section then provided for a written application to be filed with the building inspector; a notice to and report of the health officer and chief of the fire department, and notice of hearing of objections before the board of public works; and upon such hearing, if it appear that the use of such building will not be injurious or dangerous or a public nuisance, the board of public works is authorized to issue a

permit for the use of such building as a stable for more than five head of stock.

Thereafter, in January, 1911, the city council of the city of Spokane passed Ordinance No. A-5,855, the title of which was as follows:

"An ordinance amending section 364 of ordinance No. A-4,658 entitled, 'An ordinance regulating the construction, enlargement, raising, alteration, repair, removal, maintenance, use, area, height, and equipment of buildings; regulating the character and use of materials in and for buildings; providing for the issuance of permits therefor, and for the condemnation of buildings dangerous to property or persons, within the limits of the city of Spokane; providing a penalty for the violation thereof, and repealing all ordinances and parts of ordinances in conflict herewith,' passed the City Council October 13th, 1909."

This amendment was substantially the same as § 364 of the original Ordinance, except as to the number of horses and except as to details in giving notice and hearing. Thereafter, in March, 1911, the city of Spokane adopted a freeholder's charter, which changed the form of the city government from a mayor and council to a commission form of government consisting of five commissioners. Section 22 of the city charter provides that "the executive and administrative powers, authority and duties not otherwise provided for herein, shall be distributed among five departments as follows: (a) Department of public affairs, (b) Department of finance, (c) Department of public safety, (d) Department of public works, (e) Department of public utilities."

The charter also provides that the council shall designate one member to be commissioner in charge of each department; that the commissioner in charge of each department shall have the control of all the affairs and property which belong to his department. Section 23, City Charter. The charter also provides that "Every ordinance and resolution in force at the time of the adoption of this charter, except in so far as it is inconsistent with this charter, shall continue in force

until amended or repealed" (section 119, City Charter); and that "the government and offices existing prior to the adoption of this charter, shall continue until the election and qualification of officers first elected under this charter at the general election in March, 1911." Section 120, City Charter. No provision except as above stated was made for the continuance of the officers theretofore known as the board of public works.

The defendant constructed a barn and used the same for a stable for more than four horses without applying for or receiving a permit. In November, 1911, while the defendant was so using his barn, the city commissioners of Spokane passed Ordinance No. C-494, the title of which is as follows:

"An ordinance amending Section 1 of ordinance No. A-5,-855 entitled, 'An ordinance amending section 364 of ordinance No. A-4,658, entitled, An ordinance regulating the construction, enlargement, raising, alteration, repair, removal, maintenance, use, area, height and equipment of buildings; regulating the character and use of materials in and for buildings; providing for the issuance of permits therefor, and for the condemnation of buildings, dangerous to property or persons, within the limits of the city of Spokane; providing a penalty for the violation thereof and repealing all ordinances and parts of ordinances in conflict herewith, passed the city council October 13, 1909,' passed by the city council January 3rd, 1911, and declaring an emergency."

This amendment is substantially the same as amendment No. A-5,855 above referred to, except that it provides for a hearing before the commissioners sitting as a council instead of a hearing before the board of public works, as hereinbefore stated.

The appellant insists, first, that this last ordinance is void because it amends the previous ordinance by reference to title merely; and second, that the title itself is not sufficient to suggest the subject legislated upon.

The section as amended was set out in full. It was not, therefore, an amendment by reference to the title merely.

The new city charter in force at the time provides: "The subject of every ordinance shall be set out clearly in the title thereof." Section 13, art. III, City Charter. The subject of the ordinance appears to be set out clearly in the title. It states, in both the amending titles and in the original title, that it is an ordinance regulating the use of buildings within the city limits of the city of Spokane. And that is in fact the subject which was legislated upon in the original ordinance, in the first amendment, and in the second amendment by the city commissioners sitting as a council. We have many times held under our constitutional provision that the title of a legislative act is sufficient if it contains well chosen words suggestive of the subject treated; that it need not be an index to the contents of the act, and is not required to go into details. *State ex rel. Zent v. Nichols*, 50 Wash. 508, 97 Pac. 728, and cases there cited.

The appellant next contends that the ordinance as amended by Ordinance No. A-5,855 was repealed by the charter, and therefore became inoperative and not subject to amendment. As we have seen above, the charter adopted after the first amendment of the ordinance expressly saved ordinances which were in force at the time of its adoption, except in so far as inconsistent with the charter. Section 119, City Charter.

It is claimed, however, that the board of public works ceased upon the election of officers under the new charter. It is true that officers of the board ceased at that time; but the law was in effect as it had been previously, and a new officer, viz., the commissioner of public works, was, by the terms of the new charter, substituted and placed in charge of all the affairs of that department. The amendment which was passed after the new charter became effective had the effect of substituting the council instead of the commissioner of public works for hearings upon questions affecting the use of buildings.

Appellant argues that the case of *State ex rel. Rose v. Hindley*, 67 Wash. 240, 121 Pac. 447, is authority for his position that the board of public works and building inspector were abolished by the new charter. In that case we held that the new charter, having made no provisions for certain employees, such officers were dispensed with. But in this case, as we have seen, the board of public works was superseded by an officer expressly provided for in the charter, and that case, therefore, has no bearing upon this. The ordinance is clearly valid.

It is next argued by the appellant that the court erred in refusing to instruct the jury as follows:

"That if they believe from the evidence in this case that J. W. Wilson and Charles Lemon were running and operating a livery or a sale stable where more than four head of horses were kept previous of the hour of 2 o'clock p. m. on the 28th day of November, 1911, that you should find said defendants and each of them not guilty of the misdemeanor charged in this case;"

upon the ground that if the appellant was using the building for a stable for more than four head of horses at the time the amended ordinance was passed, that he might continue to so use it for the reason that the ordinance was not retroactive.

In the first place, we understand from the record and the briefs that the appellant was using the premises as a stable in violation of the ordinance which was in force at the time he began to use it as a stable for more than four head of horses; and secondly, he continued to use it as such unlawfully after the amended ordinance was passed. Complaint was made on December 27, 1911, charging that the defendant violated the ordinance on the 13th day of December, 1911, which was one month after the passage of the last ordinance. There is, therefore, no merit in the contention that the ordinance was being enforced retroactively, or

that the appellant was lawfully using the building at the time he was arrested.

We find no error in the record; the judgment is affirmed.

CROW, C. J., GOSE, and PARKER, JJ., concur.